CHARLES SOLOMON, Respondent, v CITY OF NEW YORK, DEPARTMENT OF GENERAL SERVICES, DIVISION OF REAL PROPERTY, Appellant.

First Department, June 28, 1983

### APPEARANCES OF COUNSEL

*Regina Feder* of counsel (*Leonard Olarsch* with her on the brief; *Frederick A.O. Schwarz, Jr., Corporation Counsel,* attorney), for appellant.

*Harry Grossman* for respondent.

### OPINION OF THE COURT

ASCH, J.

Plaintiff was the owner of 115-121 East 12th Street in Manhattan. No real estate taxes had been paid on the property since 1970 or 1971 and plaintiff was the only owner of the property for these years. New York City acquired title through in rem tax proceedings May 25, 1978 by a foreclosure judgment (Administrative Code of City of New York, § D17-12.0).

Plaintiff could have recovered his property but he failed to obtain its mandatory release because he did not act within four months of the acquisition by the city (Administrative Code, § D17-25.0, subd f). Subdivision g of section

D17-25.0 moreover provides an additional 20 months during which the former property owner may apply for discretionary relief from the acquisition by the city.

The plaintiff proceeded under subdivision g. The matter was submitted to the Board of Estimate, in whose discretion the determination of whether to grant the release is placed. The board denied the application.

A transcript of the proceedings before the Board of Estimate at the meeting which turned down relief showed that the plaintiff had a number of parcels, all tax delinquent. The parcel involved here had a deficiency of $227,655 at the time. Another on 57th Street had $400,000 (not foreclosed as of then), and a third in Brooklyn, $7,000. The Mayor's assistant made a statement that there was no demonstration of the plaintiff's willingness to become current on his taxes. The taxpayer had not made any written agreement to that effect. It should be noted that the East 12th Street property herein was assessed for $180,000, and had a nine-year delinquency at that time.

After the above rejection of relief by the Board of Estimate, no action was taken by the plaintiff, and some 20 to 21 months later the 12th Street property was scheduled for public auction on July 1, 1981. A minimum upset price for the property of $360,000 was set. In June of 1981, the plaintiff was advised of the sale.

On June 25, 1981, plaintiff commenced the instant action by an order to show cause to enjoin the city from selling the property at public auction, which injunction was granted by order entered June 30, 1981 (PRICE, J.). A summons and complaint was served with the order to show cause. It alleges that the Board of Estimate, without apparent reason, unlawfully denied release of the city's interest in the subject property, despite plaintiff not having named the Board of Estimate as a defendant.

The city then cross-moved on August 3, 1981 to dismiss the complaint on the ground that a CPLR article 78 proceeding, already time barred, was the proper remedy rather than a declaratory judgment action, and for failure to state a cause of action. The court below issued a decision dated August 25, 1981 (PRICE, J.), which (a) granted plain-

tiff's motion for an order restraining the city's auction of the subject property, (b) stated that the Board of Estimate's denial of reconveyance was an abuse of discretion, and (c) granted plaintiff's motion for an order compelling defendant to release its interest in the subject premises. Although this decision appears to grant plaintiff's demand in its entirety, an order dated September 17, 1981 (PRICE, J.), was issued pursuant to this decision which is not consistent on all points. This order merely recites that (1) plaintiff's motion for preliminary injunction of the sale is granted, (2) the city's motion to dismiss is denied, and (3) defendants were given 10 days to interpose an answer to the complaint. Moreover, another short-form order, dated October 28, 1981 and entered October 30, 1981 (PRICE, J.), was thereafter issued by the same court and addressed to the same motion to dismiss, which repeated the court's denial of the motion to dismiss for insufficiency because it found a valid claim had been set forth. The city filed a notice of appeal therefrom.

The city moved for summary judgment rather than perfecting that appeal. It was anticipated that determination of this motion would resolve the matter for appeal, either in the city's favor or for plaintiff. This motion urged that despite plaintiff having been found to have presented a proper case for the court to make a declaratory judgment, the article 78 Statute of Limitations should nevertheless apply to bar the action; and, since there were no disputed material questions of fact before the court and the only issue remaining was the legality of the Board of Estimate's denial of the application for release, as a matter of law the denial was within the board's statutory discretion and thus was proper and lawful.

Summary judgment was denied by order entered August 11, 1982 (PRICE, J.). Instead of making a determination on the merits, based on whether the record proof established either petitioner's claim or the city's defense as a matter of law, Special Term treated this as a motion for reargument of the earlier motion to dismiss for insufficiency and denied it because it found the city had failed to present any additional facts beyond those already presented in the prior motions "which require a dismissal of the complaint.

The court has determined that a good cause of action is set forth in plaintiff's complaint."

This determination by Special Term was in error.

Prior to enactment of section D17-25.0 in 1956, there was no provision for the release of a property after acquisition by way of tax lien foreclosure (*City of New York v Nelson,* 309 NY 94, affd 352 US 103). The Court of Appeals upheld this deficiency, but noted the need of legislation liberalizing the right of redemption (*City of New York v Nelson, supra*).

The New York City Administrative Code was amended to add section D17-25.0 to provide some flexibility on release of tax lien foreclosures. Four months was provided during which applications for release might be granted at the discretion of the board. In *Matter of Dwyer v Lindsay* (23 NY2d 562) the Court of Appeals recognized the flexibility in release, with the Board of Estimate's discretion limited only by its "judgment and conscience" (*Matter of Dwyer v Lindsay, supra,* at p 565). Section D17-25.0 did not at that time provide for a mandatory release period; there was only the four-month discretionary period. In 1972, the postacquisition release period was extended from four months to two years, with a *mandatory* right to release upon application made within four months of the city's acquisition of title (§ D17-25.0, subd f) and a right to release for 20 months thereafter, at the *discretion* of the board (§ D17-25.0, subd g).

The Board of Estimate has been upheld numerous times in refusing release of tax foreclosure judgments. On this it has regularly been said that it has an absolute discretion to grant or deny release (*Matter of Harris Structural Steel Co. v Board of Estimate of City of N. Y.,* Supreme Ct, NY County, decided May 5, 1981, affd on opn below 86 AD2d 796).

The Board of Estimate has a policy of denying releases where delinquencies are substantial, continuous and long standing. The nature and amount of the tax deficiencies here make the board's refusal neither arbitrary nor capricious (*Matter of Rosental v Koch,* Supreme Ct, NY County, decided Feb. 5, 1980, affd 78 AD2d 781; see, also, *Matter of*

*Solil Mgt. Corp. v Capalino,* Supreme Ct, NY County, decided Jan. 21, 1980, affd 81 AD2d 1047, resting on "absolute discretion").

In any event, the Board of Estimate is not required to give any reasons for its actions in granting or denying the release. There is no sign of any illegality in its decision here (cf. *Matter of Galin v Board of Estimate of City of N. Y.,* 72 AD2d 114, affd on opn below 52 NY2d 869 [zoning variance review of Board of Standards and Appeals action by Board of Estimate]). On the whole record the Board of Estimate's denial of release here had a rational basis (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231). The tax delinquencies of the plaintiff involving other properties only provided additional support for denial of release here.

Neither was there any denial of any other "right" of plaintiff herein. He had abundant opportunities to obtain reconveyance of the property before the final judgment of tax foreclosure. He had failed to pay some $227,000 in taxes, all in arrears, for about nine years. The facts amply support the Board of Estimate's policy of refusing release in such egregious cases.

Although the plaintiff asserts the requirement of a "full-scale trial", he specifies no issues to try, and Special Term never found any either. The action of the defendant Division of Real Property recommending approval of the plaintiff's application in no way bound the Board of Estimate. Assurances of city employees are insufficient here as a matter of law (*Matter of Harris Structural Steel Co. v Board of Estimate of City of N. Y., supra*).

There is also no doubt that in the present case, whether the legal proceeding is considered a declaratory judgment or an article 78, the latter's four-month Statute of Limitations is applicable (*Solnick v Whalen,* 49 NY2d 224, 229; *Lenihan v City of New York,* 58 NY2d 679). The "final and binding" action of which the plaintiff complains was the Board of Estimate's refusal of tax lien release. This occurred well over four months before commencement of the instant action.

Accordingly, the order of the Supreme Court, New York County (RICHARD L. PRICE, J.), entered August 11, 1982, which denied defendant's motion for summary judgment dismissing the complaint, should be reversed on the law, and the motion for summary judgment granted with costs and disbursements payable to defendant.

KUPFERMAN, J. P., SANDLER, ROSS and ALEXANDER, JJ., concur.

Order, Supreme Court, New York County, entered on August 11, 1982, unanimously reversed, on the law, and the motion for summary judgment granted. Appellant shall recover of respondent $75 costs and disbursements of this appeal.