■ In the Matter of CECIL WILSON, Respondent, v CITY OF NEW YORK et al., Appellants.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 7, 1987, which granted the petition of petitioner Mr. Cecil Wilson (Mr. Wilson) and permitted petitioner to redeem a parcel of land which the City of New York (City) had foreclosed upon for nonpayment of back taxes, is unanimously reversed, on the law and on the facts, the petition is denied, the CPLR article 78 proceeding is dismissed, and the determination of the Board of Estimate of the City of New York, which denied petitioner's application to redeem the subject parcel, is reinstated, without costs.

On April 28, 1982, the City instituted an in rem proceeding to foreclose on 5,185 tax-delinquent real estate parcels in The Bronx, and one of those parcels, identified for tax purposes as section 9, block 2368, lot 48, was owned by Mr. Wilson. The parcel consisted of a vacant lot, and was subject to tax liens in the amount of $9,174, which dated from 1976.

While this in rem proceeding was pending against Mr. Wilson's parcel, he could have either withdrawn it from the foreclosure action by making a redemption payment, pursuant to Administrative Code of the City of New York § D17-7.0 (a), or, by making a late redemption payment, pursuant to the Administrative Code § D17-7.0 (c). However, Mr. Wilson did not take advantage of the opportunity to redeem the parcel, and, therefore, on August 22, 1984, the City acquired title, as a result of a default judgment of foreclosure.

When the City took possession, a two-year release period began to run. Administrative Code § D17-25.0 provides, in substance, that, if within four months following foreclosure, the prior owner discharges all outstanding arrears against the property, such party is entitled to a mandatory release of the City's interest. Furthermore, that section provides that, during the remaining 20-month release period, the Board of Estimate of the City of New York (Board) has the *discretion* to either grant or deny an application, from a prior owner, for release of the property.

Almost a year from the date that the City obtained title, on June 29, 1985, Mr. Wilson applied to the Board for a discretionary release of the parcel, and an installment agreement. The Board, on June 30, 1986, exercised its discretion, and denied the application.

Subsequently, Mr. Wilson (petitioner) instituted a proceeding, pursuant to CPLR article 78, to annul the Board's determination, upon the basis it is arbitrary and capricious. The IAS court granted the petition.

We find the IAS court erred.

Since our review of the record indicates that there was no fraud, or illegality, in the Board's determination, we find that, during the last 20 months of the release period, the Board

"has * * * absolute discretion to grant or deny release [citation omitted] * * *

"[and] the Board * * * is not required to give any reasons for its actions in granting or denying the release" *(Solomon v City of New York,* 94 AD2d 283, 286-287 [1st Dept 1983]). Furthermore, our examination of the record herein indicates to us that the Board's determination to deny "release * * * had a rational basis *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231)" *(Solomon v City of New York, supra,* at 287).

Accordingly, we reverse, deny the petition, and reinstate the Board's determination to deny petitioner's application for release. Concur—Sullivan, J. P., Ross, Rosenberger and Wallach, JJ.