■ GUMERCINDA IZQUIERDO, Respondent, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK, Appellant.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered August 13, 1986, which granted the petition to the extent of remitting the matter to the Board of Estimate for reconsideration of its determination denying petitioner's application for the release of a parcel of land which the city acquired by tax foreclosure judgment, unanimously reversed, on the law and on the facts, the petition denied, and the CPLR article 78 proceeding dismissed, without costs.

Petitioner is an elderly woman who acquired title to the subject parcel, section 10, block 2756, lot 59, located at 1012 Longfellow Avenue, Bronx, New York, by deed dated October 27, 1983 and recorded on January 5, 1984. At the time of petitioner's acquisition, taxes had not been paid since 1978, and an in rem action to foreclose was pending. Petitioner, who resided elsewhere, neither paid the taxes nor sought to oppose the foreclosure action.

Pursuant to section D17-7.0 (c) (now § 11-407 [c]) of the Administrative Code of the City of New York, petitioner could have redeemed the property prior to the preparation of a foreclosure judgment by making a late redemption payment. She did not do so, however, and the city acquired the parcel by default foreclosure judgment on August 22, 1984.

Following recordation of the city's deed on August 24, 1984, petitioner was entitled, as of right, to release the city's inter-

est in the property by satisfying the outstanding arrears within four months. (Administrative Code § 11-424 [f].) This was not done, however, and on April 17, 1986, respondent Board of Estimate denied petitioner's application for discretionary release under section D17-25.0 (g) (now § 11-424 [g]) of the Administrative Code. Petitioner then brought this article 78 proceeding to annul and set aside the determination of the Board of Estimate, asserting, as grounds for the relief sought, that she was approximately 80 years of age when she purchased the property, and that she had delegated its management to the tenants residing there, but that they had neglected their responsibilities. The court below remitted the matter to the Board of Estimate for reconsideration. This was error.

We have consistently held that, absent a showing of fraud or illegality in the Board of Estimate's determination, that body has absolute discretion to grant or deny the release of property acquired by the city through in rem tax foreclosure proceedings, once the four-month mandatory release period has expired. *(Matter of Wilson v City of New York,* 135 AD2d 441, 442; *Solomon v City of New York,* 94 AD2d 283, 286.) Citing solely her age and the claim that the tenants were derelict in discharging their duties, petitioner failed to demonstrate the existence of any fraud or illegality in the Board of Estimate's determination.

Accordingly, there was no valid basis for the court below to have remitted the matter to respondent for reconsideration. Concur—Sandler, J. P., Ross, Asch, Kassal and Wallach, JJ.