■ In the Matter of HOWARD L. LEVINE, Respondent, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK, Appellant.— Order, Supreme Court, New York County (Martin Evans, J.), entered December 22, 1986, which granted petitioner's motion pursuant to CPLR 408 for leave to have disclosure and discovery of representatives of the Division of Real Property in this CPLR article 78 proceeding, unanimously reversed, on the law, and the motion denied, without costs.

Petitioner brought this article 78 proceeding to annul determinations of the Board of Estimate of the City of New York which denied his various applications to redeem 17 parcels of land which the city acquired by in rem tax foreclosure judgments. The city took title to the various parcels at times in late 1983 and 1984. Petitioner applied for release of the various parcels at separate times in 1985 and 1986. The applications for release were made more than four months but less than two years after the respective parcels were foreclosed. Accordingly, petitioner's applications for release were not governed by the release provisions of Administrative Code of the City of New York § 11-424 (f), but instead, were subject to the sole discretion of the Board of Estimate (Administrative Code § 11-424 [g]) and the Board of Estimate may exercise that discretion and approve or deny the applications as it sees fit. In the various determinations here at issue, the Board of Estimate denied petitioner's applications for release of the various parcels.

In the instant article 78 proceeding challenging these determinations, petitioner claims that the action of the Board of Estimate was arbitrary and capricious because the Division of Real Property of the Department of General Services of the City of New York improperly recommended to the Board of Estimate that petitioner's application be denied. More particularly, petitioner alleged that the Division of Real Property applied arbitrary policies to him.

In this motion, which was granted, petitioner sought leave of the court pursuant to CPLR 408 to obtain discovery and disclosure from representatives of the Division of Real Property.

The IAS court erred in granting petitioner the requested discovery. The policies of the Division of Real Property are irrelevant to the challenged determinations of the Board of Estimate since the recommendations of the Division of Real

Property are not binding on the Board of Estimate. *(Solomon v City of New York, Dept. of Gen. Servs.,* 94 AD2d 283, 287.) Once the four-month mandatory release period of Administrative Code § 11-424 (f) expires, the Board of Estimate has absolute discretion to grant or deny the release of property acquired by the city through in rem tax foreclosure proceedings, absent a showing of fraud or illegality. *(E.g., Izquierdo v Board of Estimate,* 141 AD2d 337; *Matter of Wilson v City of New York,* 135 AD2d 441; *Solomon v City of New York, Dept. of Gen. Servs., supra.)* Petitioner here has raised no issues of fraud or illegality with respect to the action of the Board of Estimate, and has made no showing whatsoever that the purported policies of the Division of Real Property would have a bearing on any issues of fraud or illegality by the Board. Consequently, the material sought to be discovered is neither material nor necessary to the instant action and the motion should have been denied. Concur—Sandler, J. P., Ross, Asch, Kassal and Ellerin, JJ.