■ In the Matter of McDONUTS REAL ESTATE LTD. et al., Appellants, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Board of Estimate denying the petitioners' application for the release of the City of New York's interest in certain property acquired in an in rem foreclosure proceeding, the petitioners appeal (1) from a judgment of the Supreme Court, Richmond County (Amann, J.), dated May 5, 1987, which dismissed the proceeding, and (2), as limited by their brief, from so much of an order of the same court, dated January 5, 1988, as, upon granting reargument, adhered to its original determination.

Ordered that the appeal from the judgment is dismissed, as that judgment was superseded by the order made upon reargument; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

Once the City of New York has obtained title to property through an in rem foreclosure proceeding, and after the statutory four-month redemption period has expired *(see,* Administrative Code of City of New York § 11-424, formerly § D17-25.0), the Board of Estimate has wide discretion to grant or deny an application for the release of that property *(Matter of Wilson v City of New York,* 135 AD2d 441, *appeal dismissed* 71 NY2d 993; *Solomon v City of N. Y., Dept. of Gen. Servs., Div. of Real Prop.,* 94 AD2d 283). In light of the petitioners' continuous delinquency in the payment of taxes on the subject property from the time of their purchase of the property at a public auction, their dilatory conduct with respect to mortgage payments, their failure to avail themselves of the mandatory redemption provisions contained in the Administrative Code, and their obvious familiarity with foreclosure proceedings, we conclude that the Board's denial of their application for release of the property was not arbitrary, capricious or irrational *(see, Matter of Sixteen Eighty W. 7th Corp. v Board of Estimate,* 109 AD2d 799). Furthermore, the petitioners failed to make a showing of fraud or illegality sufficient to render the Board's actions invalid *(see, Matter of Wilson v City of New York,* 135 AD2d 441, *appeal dismissed* 71 NY2d 993, *supra).*

We have reviewed the petitioners' remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.