■ In the Matter of SAM J. RAFFA et al., Appellants, v DEPARTMENT OF GENERAL SERVICES et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent the Board of Estimate of the City of New York, dated November 19, 1987, which denied the petitioners' applications for the release of the City of New York's interest in certain real property acquired through in rem foreclosure proceedings, the petitioners appeal (1) from a judgment of the Supreme Court, Kings County (Spodek, J.), dated August 17, 1988, which dismissed the proceeding, and (2) from so much of an order of the same court, dated December 7, 1988, as, upon granting reargument, adhered to the original determination.

Ordered that the appeal from the judgment dated August 17, 1988, is dismissed, without costs or disbursements, as that

judgment was superseded by the order dated December 7, 1988, made upon reargument; and it is further,

Ordered that the order dated December 7, 1988, is affirmed, without costs or disbursements.

The petitioners have failed to demonstrate that fraud or illegality played a part in the Board of Estimate's determination denying their applications for the release of the City of New York's interest in two parcels of real property. Absent such a showing, the Board of Estimate has discretion to grant or deny the release of real property acquired by the City of New York through in rem tax foreclosure proceedings once the four-month mandatory release period has expired (see, Administrative Code of City of New York § 11-424, formerly § D17-25.0; *Matter of McDonuts Real Estate v Board of Estimate*, 146 AD2d 697; *Izquierdo v Board of Estimate*, 141 AD2d 337; *Matter of Wilson v City of New York*, 135 AD2d 441, *appeal dismissed* 71 NY2d 993; *Solomon v City of New York, Dept. of Gen. Servs.*, 94 AD2d 283).

The history of tax delinquency with regard to the properties when owned by the petitioners' decedent and the failure of the petitioners to avail themselves of the mandatory redemption provisions contained in the Administrative Code, lead us to conclude that the denial of their application for release of the parcels was neither arbitrary, capricious nor irrational (see, *Matter of McDonuts Real Estate v Board of Estimate, supra*). Furthermore, the petitioners failed to demonstrate fraud or illegality sufficient to render the determination invalid (see, *Matter of McDonuts Real Estate v Board of Estimate, supra; Izquierdo v Board of Estimate, supra*).

We have considered the petitioners' remaining contentions and find them to be without merit. Rubin, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.