■ Pig's Ear 515 Myrtle Avenue, Inc., Appellant, v New York City Board of Estimate, Respondent.—Judgment, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about May 19, 1988, which denied the petition and dismissed this CPLR article 78 proceeding, which sought to vacate and annul a unanimous determination of respondent Board of Estimate, entered on June 16, 1987, denying petitioner's application for release of the city's interest in a parcel of land acquired by tax foreclosure judgment, unanimously affirmed, without costs.

Petitioner acquired title to the subject parcel, block 1892, lot 70, located at 515 Myrtle Avenue, Brooklyn, New York, by deed dated September 20, 1982 and recorded on October 2, 1984. At the time of the purchase, taxes for the subject parcel had been in arrears since 1977. An in rem tax foreclosure proceeding was commenced by the city on May 21, 1981. Petitioner made no attempt to discharge the aforesaid tax arrears and the city acquired title on September 28, 1982. Exactly two years later, on September 28, 1984, the last day on which to do so, petitioner's principal, Scott Witter, filed for a discretionary release of the city's interest in the foreclosed property.

Pursuant to section D17-7.0 (c) (now § 11-407 [c]) of the Administrative Code of the City of New York, petitioner could have redeemed the property by making a late redemption payment prior to the date on which the Commissioner is advised by the Corporation Counsel that preparation of a foreclosure judgment has commenced. The petitioner corporation did not do so.

After the city's deed was recorded on September 28, 1982, petitioner was entitled, as of right, to release the city's interest in the property by satisfying the outstanding arrears within four months. (Administrative Code § 11-424 [f].) This was not done, however, and on June 16, 1987, respondent Board of Estimate denied petitioner's application for discretionary release under section D17-25.0 (g) (now § 11-424 [g]) of the Administrative Code. Petitioner then brought this article 78 proceeding to annul and set aside the determination of the Board of Estimate, asserting as grounds that the denial was an abuse of discretion in that it was based on misleading and incorrect facts which petitioner's principal, Witter, was unable to overcome without the assistance of counsel.

We have consistently held that, absent a showing of fraud or illegality in the Board of Estimate's determination, that body has absolute discretion to grant or deny the release of property acquired by the city through in rem tax foreclosure proceedings once the four-month mandatory release period has expired. *(Matter of Levine v Board of Estimate,* 143 AD2d 598, 599; *Izquierdo v Board of Estimate,* 141 AD2d 337, 338; *Matter of Wilson v City of New York,* 135 AD2d 441, 442; *Solomon v City of New York, Dept. of Gen. Servs.,* 94 AD2d 283, 286.) Petitioner has failed to demonstrate the existence of any fraud or illegality in the Board of Estimate's determination.

Petitioner's claim that the Board rendered its decision upon

misleading facts as to the real estate holdings, intentions and future plans of petitioner's principal Witter, which competent counsel could have dispelled, is without merit. Petitioner's principal owns several properties which have been the subject of in rem foreclosure proceedings, one such property was redeemed by him; another is the subject of a separate appeal to this court. In light of the principal's continuous delinquency in the payment of taxes on the subject property, the failure of petitioner or its principal to avail themselves of the mandatory redemption provision of the Administrative Code, petitioner's principal's delay in filing for discretionary release of this and one other personally held property, and Witter's obvious familiarity with foreclosure proceedings, we conclude that the Board's denial of the application for release of this property was not arbitrary, capricious or irrational *(see, Matter of McDonuts Real Estate v Board of Estimate,* 146 AD2d 697, 698; *Matter of Sixteen Eighty W. 7th Corp. v Board of Estimate,* 109 AD2d 799). Accordingly, the petition was properly denied and the proceeding dismissed. Concur—Murphy, P. J., Ross, Milonas, Kassal and Rubin, JJ.