■ SCOTT WITTER, Appellant, v NEW YORK CITY BOARD OF ESTIMATE, Respondent.—Judgment, Supreme Court, New York County (Kenneth L. Shorter, J.), entered on or about May 19, 1988, which denied the petition and dismissed this CPLR article 78 proceeding seeking to vacate and annul a unanimous determination of respondent Board of Estimate rendered June 16, 1987 denying petitioner's application for release of the city's interest in a parcel of land acquired by tax foreclosure judgment, unanimously affirmed, without costs.

Petitioner acquired title to the subject parcel, block 1889, lot 55, located at 104 Washington Avenue, Brooklyn, New York, by deed dated and recorded March 12, 1979. At the time of petitioner's acquisition, taxes had apparently not been paid for a year. Petitioner paid no taxes for the next two years and on May 21, 1981, the city commenced an in rem tax foreclosure proceeding. Thereafter, on August 30, 1982, petitioner entered into an installment agreement with the Department of Finance in respect to the payment of delinquent taxes. Having made one payment pursuant to the agreement, Mr. Witter defaulted and was so notified by the Department on November 24, 1982. The city acquired title to the subject parcel and recorded its deed on April 25, 1983. It was not until March 29, 1985, 23 months after acquisition of title by the city, that petitioner filed an application for release of the city's interest.

Pursuant to section D17-7.0 (c) (now § 11-407 [c]) of the Administrative Code of the City of New York, petitioner could have redeemed the property by making a late redemption payment prior to the date on which the Commissioner is advised by the Corporation Counsel that preparation of a foreclosure judgment has commenced. He did not do so.

After the city's deed was recorded on April 25, 1983, petitioner was entitled, as of right, to release the city's interest in the property by satisfying the outstanding arrears within four months. (Administrative Code § 11-424 [f].) This was not done, however, and on June 16, 1987, respondent Board of Estimate denied petitioner's application for discretionary release under section D17-25.0 (g) (now § 11-424 [g]) of the Administrative Code. Petitioner then brought this article 78 proceeding to annul and set aside the determination of the Board of Estimate, asserting as grounds that the denial was an abuse of discretion in that it was based on misleading and incorrect facts which he, as a layman, without the assistance of counsel, was unable to overcome.

We have consistently held that, absent a showing of fraud or illegality in the Board of Estimate's determination, that body has absolute discretion to grant or deny the release of property acquired by the city through in rem tax foreclosure proceedings once the four-month mandatory release period has expired. (*Matter of Levine v Board of Estimate,* 143 AD2d 598, 599; *Izquierdo v Board of Estimate,* 141 AD2d 337, 338; *Matter of Wilson v City of New York,* 135 AD2d 441, 442; *Solomon v City of New York, Dept. of Gen. Servs.,* 94 AD2d 283, 286.) Petitioner has failed to demonstrate the existence of any fraud or illegality in the Board of Estimate's determination.

Petitioner's claim that the Board rendered its decision upon misleading facts as to his real estate holdings, intentions and future plans, which competent counsel could have dispelled, is without merit. Petitioner owns several properties which have been the subject of in rem foreclosure proceedings, one of which was redeemed by him and another which is also the subject of an appeal to this court. In light of petitioner's continuous delinquency in the payment of taxes on the subject property, his failure to avail himself of the mandatory redemption provisions of the Administrative Code, his delay in filing for discretionary release of this and one other property, and his obvious familiarity with foreclosure proceedings, we conclude that the Board's denial of his application for release of the property was not arbitrary, capricious or irrational *(see,*

*Matter of McDonuts Real Estate v Board of Estimate,* 146 AD2d 697, 698; *Matter of Sixteen Eighty W. 7th Corp. v Board of Estimate,* 109 AD2d 799). Accordingly, the petition was properly denied and the proceeding dismissed. Concur—Murphy, P. J., Ross, Milonas, Kassal and Rubin, JJ.