■ In the Matter of ISCA ENTERPRISES, Appellant, v CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78, inter alia, to vacate the City of New York's title to certain real property, the petitioner appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), entered July 20, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In July 1983, the City of New York acquired deeds to the premises known as 470, 480 and 500 Montgomery Street in Brooklyn pursuant to a judgment entered in an in rem tax foreclosure action. The petitioner, who owned one of the premises and held mortgages on the others, asserted that it first became aware of the judgment in the foreclosure action in December 1983 and, in October 1984, applied to the Board of Estimate for release of the properties pursuant to the Administrative Code of the City of New York § 11-424. After

its applications were denied in October 1987, the petitioner commenced the instant proceeding in December 1987 to set aside the deeds acquired by the city in the foreclosure action.

The city's motion to dismiss the proceeding on the ground that it was barred by the Statute of Limitations was properly granted. Pursuant to Administrative Code § 11-412 (c), upon execution of the deeds to the city, the prior proceedings in the foreclosure action, including the notices issued, were presumptively regular and in accordance with the law. In this regard, we note that there is nothing in the record to substantiate the petitioner's claim that it had not been provided adequate notice of the underlying foreclosure action in accordance with the Administrative Code (see, Matter of Tax Foreclosure No. 35, 127 AD2d 220, affd 71 NY2d 863). Since there was adequate notice provided in compliance with the Administrative Code, the presumption of regularity became conclusive two years from the date the deeds were recorded, that is, on July 28, 1985, and no action could be maintained thereafter to set aside the deeds. Thus, the presumption in Administrative Code § 11-412 (c) operates as a two-year Statute of Limitations and bars this proceeding (see, Lily Pond Enters. v City of New York, 149 AD2d 412; Matter of Tax Foreclosure No. 35, supra).

We note that the petitioner was aware of the foreclosure action a little over four months after the deeds were acquired by the city and therefore could have commenced an action well within the two-year period. We find no support in the language of the relevant provisions of the Administrative Code for petitioner's argument that it was required to wait for the Board of Estimate to act on its applications under Administrative Code § 11-424 before commencing this proceeding. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.