■ In the Matter of UPPER EAST SIDE COMMUNITY DEVELOPMENT CORPORATION et al., Appellants, v CITY OF NEW YORK DIVISION OF REAL PROPERTY et al., Respondents.—Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered November 8, 1989, which dismissed the CPLR article 78 proceeding seeking to annul the determination of respondent denying petitioners' applications for the discretionary release of the city's interest in certain parcels of real property which the city acquired pursuant to an in rem tax foreclosure judgment, unanimously affirmed to the extent appealed from, without costs.

On account of tax · delinquency, the respondent city foreclosed on eight parcels of real property owned by petitioners for delinquent taxes. Petitioners sought a mandatory release of the city's interest in only one parcel, pursuant to Administrative Code of the City of New York § 11-424 (f), waiting until after four months, but within two years of the foreclosure, before seeking a release of the city's interest in the remaining parcels pursuant to Administrative Code § 11-424 (g). The Board of Estimate denied these applications and sent certified letters dated May 5 and May 8, 1989, notifying petitioners of the action taken. On September 7, 1989, petitioners commenced this article 78 proceeding.

We note, initially, that this proceeding is untimely as to the parcel referred to in the May 5th notification for which petitioners sought a mandatory release. (CPLR 217.) As to the remaining parcels, for which discretionary release was sought, the Board of Estimate has absolute discretion to grant or deny a release application, which will not be disturbed absent a showing of fraud or illegality *(Witter v New York City Bd. of Estimate,* 156 AD2d 285; *Pig's Ear 515 Myrtle Ave. v New York City Bd. of Estimate,* 156 AD2d 283). Petitioners have failed to demonstrate that respondent's actions were tainted

by fraud or illegality. Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Smith, JJ.