■ In the Matter of LOWER EAST SIDE COMMUNITY DEVELOPMENT CORPORATION, Appellant, v CITY OF NEW YORK DIVISION OF REAL PROPERTY et al., Respondents.—Judgment, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered December 8, 1989, which denied the petition and dismissed this CPLR article 78 proceeding, seeking to vacate and annul respondent Board of Estimates' determinations dated February 24, 1989 and May 4, 1989, which denied petitioner's application for release of the City's interests in two parcels of land acquired by tax foreclosure judgments, unanimously affirmed, without costs.

It is well-settled that the four-month limitation period of CPLR 217 commences to run on the date petitioner is notified of the Board's decision (Matter of Edmead v McGuire, 67 NY2d 714). Thus, the petition was untimely, to the extent it sought to challenge the Board's determination with respect to Parcel I. While petitioner argues that the petition is timely, because the statutory period does not begin to run until counsel receives the required notice, petitioner has failed to demonstrate, or even allege, that it was represented by counsel with respect to this matter (see, Matter of Bianca v Frank, 43 NY2d 168).

We also reject petitioner's argument that the Board's deter-

mination, with respect to Parcel II, was arbitrary and capricious. Absent fraud or illegality, the Board has absolute discretion to deny the release of property acquired by the City through *in rem* foreclosure proceedings once the four-month mandatory release period has expired *(Pig's Ear 515 Myrtle Ave. v New York City Bd. of Estimate,* 156 AD2d 283). In any event petitioner has failed to pay taxes on the property from the date of acquisition, more than ten years prior to the City's foreclosure, and neglected to repair, rehabilitate, or satisfy liens against the property. *(See, Solomon v City of New York, Dept. of Gen. Servs.,* 94 AD2d 283.) Concur—Milonas, J. P., Rosenberger, Asch, Smith and Rubin, JJ.