■ ESTELLE ALLEYNE, Respondent, v BOARD OF ESTIMATE et al., Appellants.—Order and judgment (one paper) of the Supreme Court, New York County (Elliott Wilk, J.), entered on September 21, 1990, which granted the CPLR article 78 petition of petitioner-respondent and ordered respondent-appellant City of New York to release certain real property upon payment of charges pursuant to section 11-424 of the Administrative Code of the City of New York, unanimously reversed, on the law, the petition denied, and the proceeding dismissed, without costs.

In 1985 petitioner, along with ETA Realty Corporation, of which she is the sole stockholder and officer, executed two *in rem* installment agreements in connection with mortgage financing received for two parcels of real property located at 22 and 27 East 127th Street in Manhattan. As a result of defaults on these agreements, the City of New York acquired title to the parcels in April, 1987.

ETA filed applications for the release of the lots within four months of the taking, thereby initiating the mandatory release procedures provided for in Administrative Code § 11-424 (f). That section requires that property so seized must be released by the City if an applicant who has submitted the proper documentation pays the arrears within 30 days of a letter requesting that it do so. Pursuant to that section, the City's Department of General Services advised ETA by letter dated October 20, 1987 that the first lot would be released on payment of $15,589.07 and, by letter dated November 10, 1987, that the second lot would be released on payment of $12,688.45.

The properties were not redeemed by those dates. Subsequently, petitioner filed new applications for release of the properties pursuant to Administrative Code § 11-424 (g), which provides that, even though the four month period has expired, an application for release of the City's interest can be filed up to two years from the date of the taking. At the time petitioner filed her latter applications, the decision as to whether to grant or deny such an application was entrusted to the discretion of the Board of Estimate, which has since been abolished. These applications were denied by the Board on May 4, 1989.

Petitioner then brought this proceeding, pursuant to CPLR article 78, contesting the decision of the Board of Estimate denying her discretionary applications under section 11-424 (g). She offered explanations for why the properties had fallen into arrears and also claimed that on November 19, 1987, the last day upon which she was permitted to obtain mandatory release of the first lot, the City had refused her tender of uncertified checks for the amount due on the properties, in spite of her explanation that her attempt to have the checks certified on that date at the Freedom National Bank had been unsuccessful because the bank's computers had been "down". Respondents' motion to dismiss the petition was denied and respondents filed an answer, offering in their support, *inter alia,* an affidavit by an officer of Freedom National Bank attesting that neither petitioner nor ETA Realty Corporation had ever held an account at the bank.

We find that the IAS court erred in granting the petition on this record. It is well established that discretionary denials made pursuant to section 11-424 (g) will be overturned by the courts only upon a showing of fraud or illegality *(Matter of Lower E. Side Community Dev. Corp. v City of N. Y. Div. of Real Prop.,* 170 AD2d 296; *Izquierdo v Board of Estimate,* 141 AD2d 337). It is uncontested that there has been no such showing in this case. Instead, the IAS court granted the petition on its finding that the Board of Estimate had reconsidered petitioner's mandatory release application, which, it held, thereby entitled the court to apply the more expansive standard which would have been applied had judicial review of the original application been sought, *i.e.,* whether it was arbitrary or capricious.

However, the statute contains no provision for an administrative appeal to the Board of Estimate from a denial of a mandatory release application and there is no basis upon which to find that such a procedure should be read into the

statute, which is eminently clear as to the completely discretionary nature of a decision by the Board of Estimate. Nor is there any basis for limiting that discretion merely because the applicant argued to the Board that, among the reasons it should exercise its discretion was an allegedly improper or unfair denial of a mandatory release application.

Contrary to the finding of the IAS court, this decision does not foreclose the possibility of judicial review of denials of mandatory release applications. Such judicial review may be sought by means of an article 78 proceeding brought within 4 months of the final denial of the mandatory release application (CPLR 217) and may be sought in the alternative to, or in addition to, an application for an exercise of discretion pursuant to section 11-424 (g). Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.