■ In the Matter of UPPER EAST SIDE COMMUNITY DEVELOPMENT CORPORATION et al., Appellants, v CITY OF NEW YORK DIVISION OF REAL PROPERTY et al., Respondents.—Judgment, Supreme Court, New York County (Eugene Nardelli, J.) entered June 27, 1990 which, in this proceeding pursuant to CPLR article 78, denied and dismissed the petition seeking to

annul the respondent's determination which denied petitioners' application for discretionary release of three parcels of land pursuant to Administrative Code of the City of New York § 11-424 (g), unanimously affirmed, without costs.

Petitioners do not allege that they failed to receive notice of the pendency of the foreclosure action. Moreover, it is not disputed that in August of 1982 Marcello Valenzano filed an answer, on both his own behalf and that of the Development Corporation, with respect to all three parcels and thereby registered an appearance in the action on behalf of the petitioners. Petitioners had actual notice of the pendency of the foreclosure proceeding. The City's statutory scheme for giving notice to property owners in *in rem* tax foreclosure proceedings meets the requirements of due process *(Matter of ISCA Enters. v City of New York,* 77 NY2d 688), and actual notice of the pendency of the foreclosure proceedings in time to commence redemptive action is sufficient. No further notice is necessary *(supra,* at 697). Thus petitioners' claim that they were entitled to notification that the foreclosure action had been successfully completed with a transfer of title to the City, is without merit.

The Board has absolute discretion to grant or deny a discretionary release application. Absent a showing of fraud or illegality, their determination will not be disturbed. *(Witter v New York City Bd. of Estimate,* 156 AD2d 285, 286.) Nor is the Board required to state reasons for its actions in granting or denying such an application. *(Solomon v City of N. Y., Dept. of Gen. Servs.,* 94 AD2d 283, 287.) The petitioners have failed to demonstrate any fraud or illegality, in the Board's action, or to refute the specific representations in the Department of Housing Preservation and Development recommendation concerning the petitioners' management of the property, any one of which would have constituted a rational basis for the determination denying the discretionary release of said parcels. Concur—Carro, J. P., Milonas, Ellerin, Wallach and Ross, JJ.