■ In the Matter of UPPER EAST SIDE COMMUNITY DEVELOPMENT CORP., Appellant, v CITY OF NEW YORK DIVISION OF REAL PROPERTY et al., Respondents.—Order and Judgment (one paper), Supreme Court, New York County (Bruce Wright, J.), entered July 23, 1990, which dismissed the CPLR article 78 proceeding seeking to annul the determination of respondent denying petitioner's applications for the release of respondent's interest in certain parcels of real property acquired pursuant to an in rem tax foreclosure judgment, unanimously affirmed, without costs.

On June 9, 1982, an in rem tax foreclosure action was commenced against four parcels of Manhattan realty owned by petitioner. Respondent's motion to strike petitioner's answer was granted, and the respondent City acquired title to the four parcels on March 31, 1987, by deed recorded April 2, 1987. Pursuant to Administrative Code of the City of New York § 11-424, petitioner applied for mandatory release of the four parcels on July 31, 1987, which was approved subject to payment of all outstanding charges. Instead of paying the outstanding charges, petitioner applied for payment by installment agreement as to the four parcels, which was denied. Pursuant to Administrative Code § 11-424 (g), the applications were then considered as discretionary requests for release of the parcels, and as such, denied.

Yet another parcel previously owned by petitioner was acquired on petitioner's default by deed executed October 22, 1987, and recorded the same day. Petitioner sought a timely mandatory release, but failed to pay all charges as required.

Petitioner also sought and was denied, discretionary release of this parcel.

Petitioner now appeals the denial of its article 78 petition. Petitioner argues that had it received notice of the date of the acquisition of title, it could have applied *within 30 days* thereafter for an installment agreement, and if that agreement were denied, it would still have been entitled to a mandatory release upon payment of all statutory amounts; whereas here, upon denial of the installment agreements, the availability of a release rested upon the discretion of the Board of Estimate.

Petitioner has not shown that it was entitled to greater notice than it actually received. As to all of the parcels, petitioner was afforded an opportunity to redeem by making payment of the outstanding charges. "Having failed to avail himself of the right to redeem granted upon his request, appellant cannot now be heard to complain of a deprivation of due process in the forfeiture of the property" *(Matter of Tax Foreclosure No. 35,* 71 NY2d 863, 865).

As to petitioner's argument that the Board of Estimate abused its discretion, it is well settled that "absent a showing of fraud or illegality in the Board of Estimate's determination, that body has absolute discretion to grant or deny the release of property acquired by the city through in rem tax foreclosure" *(Pig's Ear 515 Myrtle Ave. v New York City Bd. of Estimate,* 156 AD2d 283, 284). Concur—Murphy, P. J., Wallach, Kupferman and Ross, JJ.