◼ In the Matter of J. DAVID SWIFT, Appellant, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Board of Estimate dated March 31, 1989, denying the petitioner's application for the release of New York City's interest in certain real property acquired in an in rem foreclosure action, the petitioner appeals from a judgment of the Supreme Court, Kings County (Shaw, J.), dated December 14, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner owned certain real property located at 144 South 3rd Street in Kings County. In February 1984, the City of New York imposed sanitation assessments on the property. Although the petitioner disputed the validity of those charges

"shortly after" they were imposed, the City refused to rescind them, and in November 1985 brought an in rem foreclosure action against the property.

A notice of the action was sent to the petitioner at 144 South 3rd Street; however, he allegedly never received the notice, because he does not reside there. Title to the property vested in the City of New York on May 28, 1986, pursuant to a judgment entered in the in rem foreclosure action. Pursuant to Administrative Code of the City of New York § 11-424 (f), the petitioner had four months from that date to apply for a mandatory release of the City's interest in the property. He failed to do so within that period.

After bringing a landlord-tenant proceeding to evict the occupants of the property, the petitioner learned that title to the property had vested in the City. He then applied for a discretionary release of the City's interest in the property within four months of receiving actual notice that title to the property had vested in the City. The application was denied, and the instant proceeding ensued.

We disagree with the petitioner's contention that the four-month period within which he could have obtained a mandatory release of the City's interest in the property should have commenced from the date he received actual notice of the in rem foreclosure action. The City gave notice to the petitioner of the in rem foreclosure action regarding the subject property pursuant to Administrative Code § 11-406 (c), and that notice was presumptively regular and in accordance with the law (see, Administrative Code § 11-412 [c]; Matter of ISCA Enters. v City of New York, 160 AD2d 698, affd 77 NY2d 688). The petitioner "must assume the blame for not having received [actual] notice [of the tax foreclosure action]" and cannot "require the State to save [him] from [his] own failure to act reasonably in protecting [his] own interests" (Matter of Tax Foreclosure No. 35, 127 AD2d 220, 227, affd 71 NY2d 863).

The petitioner has failed to demonstrate that fraud or illegality played a part in the Board of Estimate's determination denying his application for the release of the City's interest in the property. Absent such a showing, the Board of Estimate has discretion to grant or deny the release of real property acquired by the City through in rem tax foreclosure once the four-month mandatory release period has expired (see, Administrative Code § 11-424; Matter of Raffa v Department of Gen. Servs., 153 AD2d 561; Matter of McDonuts Real Estate v Board of Estimate, 146 AD2d 697; Solomon v City of New York, Dept. of Gen. Servs., 94 AD2d 283). The denial of

the petitioner's application for release of the property was not arbitrary and capricious *(see, Matter of McDonuts Real Estate v Board of Estimate, supra; Matter of Raffa v Department of Gen. Servs., supra).* Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.