■ In the Matter of UPPER EAST SIDE COMMUNITY DEVELOP-MENT CORP., Appellant, v CITY OF NEW YORK DIVISION OF REAL PROPERTY et al., Respondents.—Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered June 3, 1991, which, in a proceeding pursuant to CPLR article 78, denied petitioner's application to annul respondent's determination denying petitioner's application for discretionary release of a parcel of land pursuant to Administrative Code of the City of New York § 11-424 (g), and dismissed the petition, unanimously affirmed, without costs.

Petitioner failed to pay the statutory amount assessed on its property pursuant to its mandatory application granted under Administrative Code § 11-424 (f). Thereafter, because petitioner filed its application for an installment agreement more than thirty days after respondent acquired title, respondent had absolute discretion under Administrative Code § 11-424 (g) to grant or deny the release, which will not be disturbed absent a showing of fraud or illegality *(Matter of Upper E. Side Community Dev. Corp. v City of N. Y. Div. of Real Prop.,* 176 AD2d 649, 650). No such showing is made here.

In any event, the determination to deny discretionary release was rationally based upon petitioner's delinquency in the payment of taxes on the subject property. *(See, Pig's Ear 515 Myrtle Ave. v New York City Bd. of Estimate,* 156 AD2d 283, 285.)

Finally, contrary to petitioner's claim, actual notice of the pendency of the foreclosure proceeding suffices to meet the requirements of due process, and thus notification that the foreclosure proceeding had been successfully completed was not required *(Matter of Upper E. Side Community Dev. Corp. v City of N. Y. Div. of Real Prop., supra).* Concur—Sullivan, J. P., Milonas, Kupferman and Rubin, JJ.