■ In the Matter of SONIA GRANT, Appellant, v IN REM FORECLOSURE RELEASE BOARD et al., Respondents. [640 NYS2d 227] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the In Rem Foreclosure Release Board dated July 21, 1992, which, after a hearing, denied the petitioner's application for the release of the City of New York's interest in the petitioner's property, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (I. Aronin, J.), dated March 3, 1994, which, upon granting the respondents' motions to dismiss the proceeding, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioner properly filed an application for the release of her property within four months of its acquisition by the City of New York (hereinafter the City) pursuant to the Administrative Code of the City of New York § 11-424 (f), and the petitioner's application was approved subject to the payment of all of the outstanding taxes and charges due on the property.

However, once the four-month period expired and the petitioner failed to pay the outstanding taxes and other charges due on the property within 30 days of the date of a letter requesting her to do so, the release of the property became discretionary rather than mandatory (*see,* Administrative Code § 11-424 [f]; *Matter of Swift v Board of Estimate,* 178 AD2d 534, 535; *Matter of 195 S. 4th St. Realty Corp. v City of New York,* 160 AD2d 875, 876; *Matter of Raffa v Department of Gen. Servs.,* 153 AD2d 561, 562). "The petitioner * * * cannot 'require the State to save [her] from [her] own failure to act

reasonably in protecting [her] own interests' " (*Matter of Swift v Board of Estimate, supra,* at 535, citing *Matter of Tax Foreclosure No. 35,* 127 AD2d 220, 227, *affd* 71 NY2d 863).

It is well established that the determination whether or not to grant an application for the discretionary release of property will not be disturbed absent a showing of fraud or illegality (*see, Matter of Upper E. Side Community Dev. Corp. v City of N. Y. Div. of Real Prop.,* 176 AD2d 649, 650; *Matter of 195 S. 4th St. Realty Corp. v City of New York, supra,* at 876). The petitioner's contention that the In Rem Foreclosure Release Board's denial of her application to release the property was arbitrary and capricious is unfounded since the petitioner failed to demonstrate that the In Rem Foreclosure Release Board acted fraudulently or illegally (*see, Matter of Swift v Board of Estimate, supra; Matter of Diamond L. & M. Ranch Enters. v City of New York Dept. of Fin.,* 209 AD2d 193, 194; *Matter of McDonuts Real Estate v Board of Estimate,* 146 AD2d 697, 698). Sullivan, J. P., Copertino, Pizzuto and Florio, JJ., concur.