■ In the Matter of PAULINE VANECH, as Administratrix of the Estate of ELEFTHERIA CARLIS, Deceased, Appellant, v CITY

OF NEW YORK et al., Respondents. [729 NYS2d 68] —Judgment, Supreme Court, New York County (Michael Stallman, J.), entered November 27, 2000, which denied and dismissed the petition pursuant to CPLR article 78 to annul respondents' determination denying petitioner's application to release the City's interest in real property located at 464 Greenwich Street in New York County, unanimously reversed, on the law, without costs, the petition granted, respondents' September 16, 1998 determination annulled, and the matter remanded to respondents, who, upon petitioner's satisfaction of all applicable provisions of section 11-424 of the Administrative Code of the City of New York, including the payment of all sums due thereunder, are directed to cause to be entered an order vacating and setting aside the in rem judgment of foreclosure and the deed executed and recorded pursuant to such judgment of foreclosure as to said property.

There is clear and convincing evidence in the record that petitioner tendered the subject delinquent tax payments, totaling less than $5,000, by certified check at least twice: once by Federal Express delivery received by the City Collector on August 26, 1988 and then, after the first check was misplaced or lost, by hand delivery on February 23, 1989, neither of which payments was properly credited by the City. It is also undisputed that, in response to the letter of petitioner's attorney, dated July 20, 1989, the Assistant Commissioner of the Department of General Services, by letters dated July 27, 1989 and August 2, 1989, acknowledged that the City Collector "has received payment for the referenced property and they will be requesting a vacate of the City's deed." Such letters clearly referred to the in rem foreclosure proceeding which, as petitioner had just been advised by letter dated July 10, 1989, resulted in the City becoming the owner of the subject premises on June 30, 1989.

Petitioner estate understandably relied on such assurance, which resulted in its failure to act within the four-month period, when it had an absolute right to redemption pursuant to Administrative Code § 11-407 (a). In addition, it was lulled into inactivity over the next several years by the City's continued billing and receipt from petitioner of approximately $46,000 in taxes on the property. Thus, in light of the foregoing facts, the In Rem Foreclosure Release Board's refusal to return the property on the implicit ground that "taxes were open and due at 1989" is unsupported by substantial evidence and is therefore without a rational basis, arbitrary and capricious.

Respondent Board, relying upon this Court's decision in *Mat-*

*ter of Diamond L. & M. Ranch Enters. v City of New York Dept. of Fin.* (209 AD2d 193, 194, citing *Matter of Upper E. Side Community Dev. Corp. v City of New York Div. of Real Prop.*, 176 AD2d 649), argues that it has absolute discretion to grant or deny petitioner's discretionary release application absent a showing of fraud or illegality and that allegations that its decision was arbitrary and capricious are insufficient to overturn its denial of petitioner's application for redemption.

The Court of Appeals, however, has held that arbitrary action is without sound basis in reason and is generally taken without regard to the facts (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231). Likewise, in considering the dimensions of the word "illegality" in the tax statutes, the Court of Appeals has held that when a Board's authority depends upon the existence of some fact, which it erroneously determines to exist, or in this case not to exist, its acts pursuant to it are void (*Matter of State Ins. Fund v Boyland*, 282 App Div 516, 520, *affd* 309 NY 1009). Clearly, such standards are not mutually exclusive (*cf.*, *Witter v New York City Bd. of Estimate*, 156 AD2d 285, 286-287, where this Court, while noting our consistent adherence to the fraud or illegality standard, nevertheless found that the Board's denial of a similar application was not "arbitrary, capricious or irrational," citing, *inter alia*, *Matter of McDonuts Real Estate v Board of Estimate*, 146 AD2d 697, 698).

Finally, under the circumstances presented, any reliance by the Board on the complaints of mismanagement by the tenants in this converted loft building in Tribeca, for which such tenants have other remedies, or their desire to purchase the building themselves, could not be rationally justified as a basis for refusing to return the subject building to petitioner in the best interests of the City. Concur—Nardelli, J. P., Mazzarelli, Andrias, Saxe and Friedman, JJ.