OPINION OF THE COURT
Norman J. Felig, J.
Movant seeks an order temporarily enjoining the sale and closing of property known as Tax Block 5226, Lot 92; vacating the default judgment in the within proceeding with regard to that lot, and permitting the movant to redeem said parcel.
The movant acquired title to premises known as Block 5226, Lots 71 and 92 on May 11, 1967, subject to a certain mortgage held by the City of New York which, by its terms matured on October 26, 1976. From that date the city billed the movant for quarterly mortgage payments, and continued to do so until the mortgage was paid. On August 25,1978 the property known as Lot 92 was taken in rem by the City of New York. It appears that at the time movant purchased the property, one “blue card” was filed covering both lots. Since an individual card must be filed for each lot, the number “92” was stricken, and the card filed for Lot 71 only.
On November 14, 1979, some 19 months after the city acquired title to the property, movant sought a release of the city’s interest pursuant to Administrative Code of the City of New *89 York § D17-25.0. The Board of Estimate, in its discretion, approved movant’s application upon the payment of all taxes due. Movant was notified of the amount due, to be paid on or before February 8, 1982. On January 12, 1982 a corrected statement was sent, and movant given until March 15, 1982 to pay the revised amount. Movant, in a letter dated May 11, 1982 sought clarification of the corrected statement, which was given in a letter dated May 14,1982 from the director of the release center of the Department of General Services, Division of Real Property.
Hearing nothing further from the movant, the city auctioned the property to the highest bidder. The transfer of title to the property has been stayed pending the decision on this motion.
The movant argues that his right to due process was violated in that he was not given notice of any pending proceeding, namely, the in rem foreclosure. This argument is based upon the decision in Mennonite Bd. of Missions v Adams (462 US 791). In the Mennonite case, the court found that Indiana statute, which provided for constructive notice by posting and publication, did not meet minimal procedural due process requirements. The Administrative Code of the City of New York provides that notice in an in rem proceeding be mailed to any owner, mortgagee, mechanic’s lienholder, etc., who places the city on notice by filing an in rem card. This procedure overcomes the due process violation the Supreme Court of the United States found in the Indiana statute. The New York statute was found to be constitutional in Nelson v City of New York (352 US 103 [1956]).
Administrative Code of the City of New York § D17-12.0 provides that a deed given in an in rem foreclosure proceeding is presumptive evidence that the proceedings are regular and in accordance with law, and that after two years the presumption is conclusive. Here, the deed to the City of New York was recorded and the city acquired title on April 25, 1978.
It has been held that failure to institute a proceeding within the two-year statutory period forecloses the right to do so. (In Rem Tax Foreclosure Action No. 19, 115 Misc 2d 663.) Further, movant cannot claim that because of lack of notice he was unable to come forward during the requisite period, as he filed an application for release during that period.
For the reasons set forth herein, the motion to vacate the movant’s default is denied in its entirety.