Jonathan A. GILLESPIE, Appellant,

v.

Gloria L. CLAY, Appellee.

No. 64781.

Supreme Court of Oklahoma.

March 24, 1986.

Rehearing Granted for Limited Purpose and Opinion Amended June 24, 1986.

Robert H. Warren, Oklahoma City, for appellant.

John Sopher, Oklahoma City, for appellee.

## OPINION BY ORDER

Upon review of the record in this cause and after consideration of the arguments and authorities presented by the parties, we find appellee failed to exercise due diligence to ascertain the whereabouts of appellant, the record owner of a certain parcel of real property for which appellee applied for a Certificate Tax Deed. Notice given in conjunction with appellee's application was had by publication and fails for want of due diligence as that term is defined in *Bomford v. Socony Mobil Oil Co.*, 440 P.2d 713 (Okl.1968). See also: *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

Specifically, appellee had knowledge of the name and address of the attorney who administered the estate by which appellant acquired title to the property in question, and which attorney subsequently entered an appearance on behalf of appellant in a civil action brought against appellant in the District Court of Oklahoma County, the county in which the property is located. Given these facts, a reasonable person should have deduced said attorney was a source to be inquired of in any meaningful effort to learn appellant's whereabouts. Failure to do so renders the publication notice void and the subsequent tax deed proceedings were therefore done in violation of appellant's right of due process.

IT IS THEREFORE ORDERED BY THE COURT that the judgment of the trial court is REVERSED in accordance with the rule of the Supreme Court governing accelerated disposition of appeals, dated November 7, 1985, 56 OBJ 2773.

DOOLIN, V.C.J., and LAVENDER, HARGRAVE, OPALA, WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, C.J., concurs in part, dissents in part.

HODGES, J., dissents.