**9** In the Matter of FORECLOSURE ACTION No. 39, QUEENS SECTION 60, BLOCK 15738, LOT 86. NEW YORK CITY, Respondent; DANNY CHADI, Appellant.—In an in rem tax foreclosure action, Danny Chadi appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated June 19, 1990, which denied his application to vacate the judgment of foreclosure, entered June 12, 1987, insofar as it concerned certain property identified as Queens Section 60, Block 15738, Lot 86 on the tax map of the City of New York.

Ordered that the order is affirmed, with costs.

The appellant's application to vacate the underlying judgment of foreclosure insofar as it concerned the subject property was denied as untimely by the Supreme Court. We affirm on the same ground. In an in rem tax foreclosure action, all proceedings taken, including all notices required by law, are presumed to be regular and in accordance with the law *(see,* Administrative Code of City of NY § 11-412 [c]; *Matter of ISCA Enters. v City of New York,* 77 NY2d 688, 696; *Lily Pond Enters. v City of New York,* 149 AD2d 412, 413). This presumption becomes conclusive two years after the recording of the deed by the City of New York and thereby effectively operates as a two-year Statute of Limitations, provided the party has actual notice of the foreclosure action within the two-year period *(see, Hatorah v City of New York,* 175 AD2d 795, 796).

Here, the City recorded its deed to the subject property on July 9, 1987. Thus, Administrative Code § 11-412 (c) required that the appellant initiate any action to set aside the City's deed prior to July 10, 1989. However, the only action taken by the appellant within that time period was to apply to the Board of Estimate for release of the City's interest in the property *(see,* Administrative Code § 11-424). Indeed, it was not until March 10, 1990, that the appellant, alleging that the City had failed to provide notice of the foreclosure action, made the instant application.

Under the circumstances, the appellant's application to the

Board of Estimate was not an "action" commenced prior to the expiration of the two-year limitation period *(see, Matter of ISCA Enters. v City of New York,* 160 AD2d 698, 699, *affd* 77 NY2d 688, *supra).* Furthermore, having applied to the Board of Estimate before the expiration of the subject limitation period, the appellant cannot claim that he did not have actual notice of the foreclosure action within the relevant two-year period *(see, Matter of Tax Foreclosure No. 35,* 128 Misc 2d 88, 89, *affd* 127 AD2d 220, *affd* 71 NY2d 863). Therefore, given his actual notice of the foreclosure action within two years of the City's recording of the deed to the subject property, Administrative Code § 11-412 (c) operates to bar the appellant from challenging the conclusive presumption of regularity raised by the recording of the deed *(see, Matter of ISCA Enters. v City of New York,* 77 NY2d 688, 697, *supra).* Thompson, J. P., Rosenblatt, Lawrence and Ritter, JJ., concur.