■ In the Matter of BENJAMIN E. ROBINSON, Appellant, v CITY OF NEW YORK et al., Respondents. [638 NYS2d 157] —In a proceeding pursuant to CPLR article 78 to review a determination by the respondent In Rem Foreclosure Release Board, dated February 23, 1993, which denied the petitioner's application to release certain real property and to challenge the acquisition of that property by the respondent City of New York, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Greenstein, J.), entered June 3, 1994, as dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In an in rem tax foreclosure action, all proceedings taken,

including all notices required by law, are presumed to be regular and in accordance with the law *(see,* Administrative Code of City of NY § 11-412 [c]; *Matter of ISCA Enters. v City of New York,* 77 NY2d 688, 696, *cert denied* 503 US 906; *Matter of Foreclosure Action No. 39,* 186 AD2d 624). "This presumption becomes conclusive two years after the recording of the deed by the City of New York and thereby operates as a two-year Statute of Limitations, provided the party has actual notice of the foreclosure action within the two-year period" *(Matter of Foreclosure Action No. 39, supra,* at 624). The petitioner maintains that he first learned of the foreclosure when he attempted to pay additional taxes owed on the property. Subsequently, he filed an application for the discretionary release of the property before the expiration of the two-year limitation period. This filing constituted an acknowledgment that the petitioner had actual notice of the in rem tax foreclosure action *(see, e.g., Matter of ISCA Enters. v City of New York, supra,* at 697; *Matter of Foreclosure Action No. 39, supra,* at 625). Therefore, because the petitioner did not commence an action to set aside the tax deed within the two-year period, he was barred from complaining about any constitutional infirmity in the in rem tax foreclosure action *(see, Matter of ISCA Entrs. v City of New York, supra).*

Furthermore, the petitioner's claim that the denial by the In Rem Foreclosure Release Board of his application for release was arbitrary and capricious is unfounded because the petitioner had a history of tax arrearages on the property and the property had been left vacant for many years *(see, Matter of McDonuts Real Estate v Board of Estimate,* 146 AD2d 697). Additionally, the petitioner failed to demonstrate that fraud or illegality played a part in the determination by the Board not to release the property *(see, e.g., Matter of Swift v Board of Estimate,* 178 AD2d 534; *Matter of Raffa v Department of Gen. Servs.,* 153 AD2d 561). Santucci, J. P., Altman, Friedmann and Florio, JJ., concur.