■ MEADOW FARM REALTY CORPORATION, LTD., Appellant, v PETER A. PEKICH, JR., et al., Respondents, et al., Defendants. [676 NYS2d 203] —In an action, *inter alia,* (1) pursuant to RPAPL article 15 to compel the determination of claims to real property, (2) to set aside a tax deed dated July 25, 1989, and (3) for a judgment declaring that the provisions of the Nassau County Administrative Code (Law 1939, chs 272, 701-709, as amended) pursuant to which the tax deed was issued are unconstitutional as applied to the plaintiff, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feuerstein, J.), dated February 21, 1997, which granted the motion of the defendant Peter A. Pekich, Jr., to dismiss the action as time-barred and denied the plaintiff's cross motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, the motion by the defendant Peter A. Pekich, Jr., is denied, the plaintiff's cross motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

The plaintiff purchased the subject real property in 1985. Apparently as a result of the plaintiff's failure to pay certain taxes in 1985 and/or 1986, the Treasurer of Nassau County issued a tax lien certificate to the defendant Milton Aronauer in 1987, and conveyed the property to Aronauer in 1989. Aronauer subsequently conveyed the property to the defendant Peter A. Pekich, Jr., in 1995. In 1996, in connection with the plaintiff's proposed sale of the property, its attorney reviewed a report from an abstract company and learned that Pekich was the purported owner of record of the property. The plaintiff then commenced this action.

The defendants County of Nassau, Karen V. Murphy, as the Clerk of Nassau County, and Santa C. Rozzi, as the Treasurer of Nassau County, admitted in their answer the plaintiff's allegation that it had been given no written or actual notice of the sale of the tax lien certificate in 1987 to Aronauer, Pekich's predecessor-in-interest. Further, the evidence adduced in connection with Pekich's motion to dismiss the complaint, and the plaintiff's cross motion for summary judgment, demonstrates that a notice to redeem, mailed by Aronauer's attorney to the plaintiff on or about February 15, 1989, had been returned with a notation "not at this address". John V. Scaduto, who was then the Treasurer of Nassau County, thereafter delivered a tax deed dated July 25, 1989, to Aronauer. The tax deed was recorded on August 11, 1989. The plaintiff seeks, *inter alia*, to invalidate the deed.

The Supreme Court granted Pekich's motion to dismiss the complaint, holding that it was time-barred pursuant to Nassau County Administrative Code § 5-51.0 (b) (4) and RPTL 1020 (3). We disagree with this conclusion, and, because there is no alternative basis upon which to affirm, and the plaintiff has demonstrated its right to summary judgment, we reverse and grant summary judgment to the plaintiff.

In *Campbell v City of New York* (77 NY2d 688, 699, *cert denied sub nom. ISCA Enters. v City of New York,* 503 US 906), the Court of Appeals held, in a similar context, that "a challenge to the constitutionality of a notice provision, where the party had no timely notice, is not barred by the Statute of Limitations". The rule announced in *Campbell* undoubtedly applies here, where the evidence in the record establishes conclusively that at no time during the prescriptive period was any agent of the plaintiff given actual notice relating to the procedures pursuant to which the plaintiff's title to its property was extinguished (*see also, Matter of Robinson v City of New York,* 224 AD2d 534; *Matter of Foreclosure Action No. 39,* 186 AD2d 624; *Benoit v Panthaky,* 780 F2d 336). There was thus no basis upon which to dismiss the action, irrespective of which of the three alternative Statutes of Limitations asserted by Pekich applies (*see,* Nassau County Administrative Code § 5-51.0 [b] [4]; RPTL 1020 [3]; CPLR 213 [3]).

With respect to the merits, the County's uncontradicted concession that no written or actual notice of the tax lien sale was provided to the plaintiff places this case squarely within the scope of the Court of Appeal's holding in *Matter of McCann v Scaduto* (71 NY2d 164). In *McCann,* the Court held that a landowner had been deprived of due process where no written

or actual notice of the tax lien sale had been given, even though the landowner in that case had subsequently received notice to redeem by certified mail (*Matter of McCann v Scaduto, supra,* at 172). Here, due to the use of an incorrect address, the plaintiff did not even receive any notice to redeem. In our view, *McCann* applies to the facts of this case. At the time *McCann* was decided the *McCann* plaintiffs were, as outlined above, not yet precluded from asserting their constitutional claim (*see, Matter of McCann v Scaduto, supra,* at 178, quoting *Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184, 191, *cert denied* 459 US 837, quoting *Gager v White,* 53 NY2d 475, 413; *see also, Ulster Sav. Bank v Watson,* 168 AD2d 839). We do not agree with the retroactivity analysis expressed in *Dreska v County of Nassau* (143 Misc 2d 321).

The respondents' reliance on *Facchin v Pekich* (232 AD2d 447) is clearly misplaced. First, that case, unlike the present one, was governed by the terms of Nassau County Administrative Code § 5-37.0 (d), which was added to the Code by Local Laws, 1988, No. 1 of the County of Nassau (eff. Jan. 25, 1988), after the decision in *McCann,* and pursuant to which affected landowners are given written notice of impending tax lien sales (*Matter of McCann v Scaduto, supra,* at 164). Second, in *Facchin,* the certified mailing of the notice to redeem in accordance with Nassau County Administrative Code § 5-51.0 had in fact been accepted. Here, by contrast, the notice to redeem was never actually delivered to anyone, but was instead returned to the sender.

In light of our conclusion that the plaintiff herein was deprived of due process solely due to the County's failure to provide it with constitutionally-adequate notice of the tax lien sale (*Matter of McCann v Scaduto, supra; see also, Matter of Foreclosure of Tax Liens by County of Erie,* 225 AD2d 1089; *Matter of T.E.A. Mar. Automotive Corp. v Scaduto,* 181 AD2d 776), we need not address the plaintiff's further arguments, including its contention that, in light of the failure on the part of the postal service to deliver the notice to redeem, the respondents had a constitutional duty to take further steps in an effort to provide reasonable notice (*but, see generally, St. George Antiochian Orthodox Christian Church v Aggarwal,* 326 Md 90, 603 A2d 484; *Malone v Robinson,* 614 A2d 33 [DC]; *Patrick v Rice,* 112 NM 285, 814 P2d 463; *Miles Homes Div. v City of Westhope,* 458 NW2d 321 [ND]; *Griffeth v Cass County,* 244 NW2d 301 [ND]; *Gillespie v Clay,* 723 P2d 263 [OK]; *Tracy v County of Chester,* 507 Pa 288, 489 A2d 1334). Bracken, J. P., Copertino, Pizzuto and Altman, JJ., concur.