■ IN REM TAX FORECLOSURE ACTION NO. 47. CITY OF NEW YORK, Appellant; MAX MELAMED et al., Respondents. [798 NYS2d 82]—

In a tax lien foreclosure action pursuant to Administrative Code of City of New York § 11-404 (a), the City of New York appeals from an order of the Supreme Court, Kings County (Marrero, J.), dated October 2, 2003, which granted the motion of Max Melamed and Hoshang Cohanim to stay enforcement of a judgment of foreclosure dated September 10, 2002.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is denied, and the stay is vacated.

In this tax lien foreclosure action pursuant to Administrative Code of City of New York § 11-404 (a), the Supreme Court granted the motion of Max Melamed and Hoshang Cohanim (hereinafter the respondents), the mortgagees of one of the properties which was a subject of the action, to stay enforcement of the judgment of foreclosure. The City of New York appeals.

On December 21, 2001, the City commenced this action to foreclose on certain properties, including the subject property, by the filing of duplicate lists of delinquent taxes in the office of the Clerk of Kings County (see Administrative Code § 11-405 [d]). On January 4, 2002, the City complied with the notice provisions of the Administrative Code (Administrative Code § 11-406 [c]) by mailing copies of the notice of foreclosure to the owners of the properties (Administrative Code § 11-416 [c]), mortgagees, lienors, and others having an interest in the properties (Administrative Code § 11-417 [b]) which were the subject of the foreclosure action. The respondents, as mortgagees, were not entitled to such notice because they had not yet filed an in rem registration card with the Commissioner of Finance of the City of New York (see Administrative Code § 11-417 [b]; *Hatorah v City of New York*, 175 AD2d 795, 796-797 [1991]).

Thereafter, commencing January 11, 2002, the City complied with the publication (Administrative Code § 11-406 [a]) and posting (Administrative Code § 11-406 [d]) requirements of the Administrative Code. The notice of foreclosure properly fixed

March 22, 2002, as the last date by which an interested person could redeem the property pursuant to Administrative Code § 11-407. The notice of foreclosure properly fixed April 4, 2002, as the last date by which an interested party could file an answer and request severance of the action with respect to that party's parcel (*see* Administrative Code § 11-409 [a]). The respondents neither redeemed the property nor filed an answer.

On May 7, 2002, the respondents filed an in rem registration card with respect to the subject property and, thereafter, on June 24, 2002, the City mailed a copy of the notice of foreclosure to the respondents. The respondents' mere denial of receipt failed to overcome the presumption of regularity of mailing (*see Nassau Ins. Co. v Murray*, 46 NY2d 828 [1978]; *Matter of Tax Foreclosure Action No. 44, Borough of Bronx*, 2 AD3d 241 [2003]) or the presumption of the regularity of all proceedings taken in this action (*see* Administrative Code § 11-411; *Matter of ISCA Enters. v City of New York*, 77 NY2d 688, 696 [1991], *cert denied* 503 US 906 [1992]; *Robinson v City of New York*, 224 AD2d 534, 535 [1996]; *Matter of Tax Foreclosure Action No. 34*, 191 AD2d 679 [1993]).

The judgment of foreclosure was signed on September 10, 2002, pursuant to Administrative Code § 11-412.1 and entered in the office of the Clerk of Kings County on February 20, 2003. On March 21, 2003, following a post-judgment title search, the City sent a post-judgment notice of the judgment to all persons who had filed owner registration or in rem registration cards, including the respondents. The respondents acknowledged receipt of the notice. Accordingly, the respondents had sufficient notice of the pendency of the action to allow them to take timely action to redeem the property (*see* Administrative Code § 11-407 [c]; *Matter of Foreclosure Action No. 39*, 186 AD2d 624, 625 [1992]; *see also* Administrative Code § 11-412.1 [c], [d], [e], [f]; § 11-424).

The judgment of foreclosure having been entered and the respondents having failed to timely redeem the property pursuant to Administrative Code § 11-407 (a) or interpose an answer (*see* Administrative Code § 11-409 [a]), the respondents' sole remedy as against the City in this foreclosure action was to make a late redemption payment (*see* Administrative Code § 11-407 [c]; § 11-412.1 [d]). In the absence of the respondents availing themselves of the exclusive statutory remedies, the Supreme Court improvidently exercised its discretion in granting the stay (*see* CPLR 2201). H. Miller, J.P., Cozier, Goldstein and Skelos, JJ., concur.