■ IN REM TAX FORECLOSURE ACTION NO. 47. SUE SIMMONDS, Appellant; DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK et al., Respondents. [817 NYS2d 69]—

In a tax lien foreclosure action pursuant to Administrative Code of City § 11-404 (a), Sue Simmonds appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated December 6, 2004, as denied those branches of her motion which were to vacate a judgment of foreclosure and the sale of the subject property to Neighborhood Restore Housing Development Fund Corporation.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contentions, the record establishes that the judgment of foreclosure against her property was duly entered in the office of the Kings County Clerk on February 20, 2003, thus creating a presumption of regularity of the proceedings taken in this action (*see* Administrative Code of City of NY § 11-411; *In Rem Tax Foreclosure Action No. 47*, 19 AD3d 547, 548 [2005]). That presumption encompassed compliance by the City of New York with all applicable notice, publication and filing requirements, including its mailing of a notice of foreclosure to the appellant, and the appellant's mere denial of receipt of such notice was insufficient to overcome the presumption (*see*

*In Rem Tax Foreclosure Action No. 47, supra*). In any event, the presumption of regularity became conclusive four months after the entry of the judgment of foreclosure (*see* Administrative Code of City of NY § 11-412.1 [h]), and the appellant did not make the underlying motion or take any action to redeem the subject property (*see* Administrative Code of City of NY § 11-412.1 [d]) within that four-month period (*see City of New York v Family House Real Estate Corp.*, 2 AD3d 241 [2003]). Thus, the Supreme Court properly declined to vacate the judgment of foreclosure and the sale of the subject property to a third party. Prudenti, P.J., Santucci, Krausman and Dillon, JJ., concur.