■ CORLETTE O'BRYAN et al., Appellants, v MARTHA E. STARK, as Commissioner of the New York City Department of Finance, et al., Respondents. [909 NYS2d 427]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 12, 2010, which denied plaintiffs' motion to vacate a default foreclosure judgment and the deed transferring the property from respondent Commissioner of the New York City Department of Finance to the corporate respondent, to restore all parties to their status prior to entry of the foreclosure, and to permit them to defend the in rem tax foreclosure action, unanimously affirmed, without costs.

The party aggrieved by the foreclosure has four months thereafter in which to redeem the property by settling the delinquency in full with the Commissioner of Finance (Administrative Code of City of NY § 11-412.1 [d]). After expiration of the redemption period, the Commissioner has an additional four-month window in which to transfer the property (§ 11-412.1

[c]), which period can be tolled by the City Council for review at any time within 45 days of its notification of such intended action by the Commissioner (§ 11-412.2). Here, the judgment was entered in the office of the Bronx County Clerk on February 15, 2007, and the mandatory redemption period expired four-months later, on June 15. A package for approval of transfer of the subject properties included in the judgment was submitted to the City Council on September 5, which was six months and 21 days after entry of the judgment. The 45-day toll for Council review lasted until October 20, at which point the transfer period resumed for the balance of the eight months, until November 30, 2007. Accordingly, the subject property was timely transferred by the Department of Finance to the corporate respondent on November 30 (*see e.g. Hall v Brennan*, 140 NY 409 [1893]; *Morris v Attia*, 7 Misc 3d 1001[A], 2005 NY Slip Op 50397[U], *5 [2005]).

Contrary to plaintiffs' contentions, the record establishes that the judgment of foreclosure against the property was duly entered in the office of the County Clerk on February 15, 2007, thus creating a presumption of regularity of the proceedings in this action (*see* § 11-411) encompassing compliance by the City with all applicable notice, publication and filing requirements, including its mailing of a notice of foreclosure to plaintiffs, which could not be overcome by their mere denial of receipt of such notice (*see In Rem Tax Foreclosure Action No. 47*, 29 AD3d 955 [2006]). In any event, this presumption of regularity became conclusive four months after entry of the judgment of foreclosure (*see* § 11-412.1 [h]), and plaintiffs did not make the underlying motion or take any action to redeem the subject property within the four-month period under section 11-412.1 (d) (*see Matter of Tax Foreclosure Action No. 44, Borough of Bronx*, 2 AD3d 241 [2003]). Plaintiffs' application to vacate the judgment of foreclosure was thus time-barred under section 11-412.1 (h).

We have considered plaintiffs' remaining claims and find them without merit. Concur—Mazzarelli, J.P., Sweeney, Acosta and Abdus-Salaam, JJ.