■ WILBERT WILSON, Appellant, v NEIGHBORHOOD RESTORE HOUSING et al., Respondents. [12 NYS3d 166]—

In an action, inter alia, to recover damages for fraud and, in effect, to set aside a judgment of foreclosure of a tax lien, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated December 19, 2013, which granted the separate motions of the defendant Neighborhood Restore Housing, and the defendants Northeast Brooklyn Housing Development Fund Corporation and Marlo Bracey, to dismiss the complaint pursuant to CPLR 3211 (a) insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

On February 23, 2007, the City of New York commenced an in rem tax foreclosure proceeding to recover back taxes on the subject property in the amount of $40,561.56, dating back to 1995. On January 29, 2009, the then owner of the property transferred it to the plaintiff, Wilbert Wilson. Thereafter, on October 26, 2011, a judgment of foreclosure was issued, and that judgment was entered on November 2, 2011. On August 8, 2012, the property was transferred by the City to the defendant Neighborhood Restore Housing, pursuant to the City's third-party transfer program. Thereafter, Neighborhood

Restore Housing transferred the property to Northeast Brooklyn Housing Development Fund Corporation.

On January 16, 2013, the plaintiff commenced this action against Neighborhood Restore Housing, Northeast Brooklyn Housing Development Fund Corporation, and Marlo Bracey, an employee of the City, alleging fraud and, in effect, to set aside the judgment of foreclosure. The defendants separately moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) as time-barred and for failure to state a cause of action.

In the order appealed from, the Supreme Court granted the motions, finding, among other things, that the action was time-barred because it was commenced after the expiration of the four-month mandatory redemption period provided for in Administrative Code of the City of New York § 11-412.1 (d).

The plaintiff claims that the action is not time-barred, because Bracey is equitably estopped from claiming that the redemption period expired based upon her alleged promise to hold papers he submitted in support of his alleged attempts at redemption until August 2012. However, equitable estoppel is applied against a municipality performing governmental functions only in the rarest of cases (*see Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130 [1990]), and "erroneous advice by a governmental employee will not give rise to an exception to the general rule" (*Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi]*, 77 AD3d 1146, 1148 [2010]). Accordingly, the plaintiff's equitable estoppel claim is without merit.

The instant action, in effect, to vacate the judgment of foreclosure was commenced more than four months after the judgment of foreclosure was entered, and after the four-month redemption period expired (*see* Administrative Code § 11-412.1 [d]). Therefore, the instant action is time-barred (*see O'Bryan v Stark*, 77 AD3d 494 [2010]; Administrative Code § 11-412.1 [h]).

To the extent that the plaintiff sought damages for fraud, the plaintiff failed to state a cause of action. Although the plaintiff's allegations are to be liberally construed and accepted as true (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Zellner v Odyl, LLC*, 117 AD3d 1040 [2014]), a cause of action sounding in fraud must be pleaded with specificity (*see* CPLR 3016 [b]; *Castle Restoration & Constr., Inc. v Castle Restoration, LLC*, 122 AD3d 789, 790 [2014]). The plaintiff must allege factual allegations indicating that the defendant made a representation concerning a material fact which was false and

known by the defendant to be false at the time it was made and that the defendant made the representation for the purpose of inducing the plaintiff to rely upon it (*see Brualdi v IBERIA, Lineas Aereas de España, S.A.*, 79 AD3d 959 [2010]). Here, there are no facts alleged indicating that Bracey knowingly made a false representation for the purpose of inducing the plaintiff to rely upon it. Accordingly, the complaint failed to state a cause of action sounding in fraud.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.