■ Peter Cruciata, Appellant, v O'Donnell & McLaughlin, Esqs., et al., Respondents, et al., Defendant. [53 NYS3d 328]—

<span style="background:black"></span>

In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Richmond County (Troia, J.), dated July 27, 2015, which granted the motion of the defendants O'Donnell & McLaughlin, Esqs., James M. O'Donnell, Rosemarie O'Donnell, and Alan M. McLaughlin, the separate motion of the defendant John Curley, and the separate motion of the defendant Paul Sarcona, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff commenced this action against the defendants O'Donnell & McLaughlin, Esqs., James M. O'Donnell, Rosemarie O'Donnell, Alan M. McLaughlin (hereinafter collectively the O'Donnell & McLaughlin defendants), John Curley, Paul Sarcona, and William Trochiano, alleging, among other things, a cause of action sounding in fraud. The O'Donnell & McLaughlin defendants, Curley, and Sarcona separately moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them. The Supreme Court granted the separate motions, and the plaintiff appeals.

In considering a motion to dismiss pursuant to CPLR 3211

(a) (7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Although the facts pleaded are presumed to be true and are to be accorded every favorable inference, "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (*Everett v Eastchester Police Dept.*, 127 AD3d 1131, 1132 [2015]).

"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (*Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). "Each of the foregoing elements must be supported by factual allegations containing the details constituting the wrong sufficient to satisfy CPLR 3016 (b)" (*Stortini v Pollis*, 138 AD3d 977, 978 [2016]).

Here, affording the complaint a liberal construction and accepting the allegations in the complaint as true, the complaint fails to state a cause of action sounding in fraud (*see Wilson v Neighborhood Restore Hous.*, 129 AD3d 948, 949 [2015]).

Furthermore, the remaining causes of action in the complaint, which are based on vague and conclusory allegations, fail to state any cognizable cause of action (*see Johnson v New York City Bd. of Educ.*, 270 AD2d 310 [2000]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted the separate motions of the O'Donnell & McLaughlin defendants, Curley, and Sarcona to dismiss the complaint insofar as asserted against each of them (*see* CPLR 3211 [a] [7]). Eng, P.J., Hall, Roman and Hinds-Radix, JJ., concur.