Volpe v County of Suffolk (2019 NY Slip Op 04220)





Volpe v County of Suffolk


2019 NY Slip Op 04220


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2015-12441
 (Index No. 16933/15)

[*1]Duane M. Volpe, appellant, et al., plaintiffs,
v
County of Suffolk, et al., respondents.


Duane M. Volpe, East Islip, NY, appellant pro se.



DECISION & ORDER
In an action, inter alia, to vacate a deed to real property, the plaintiff Duane M. Volpe appeals from an order of the Supreme Court, Suffolk County (Andrew G. Tarantino, Jr., J.), dated November 19, 2015. The order, insofar as appealed from, denied the plaintiffs' motion, in effect, for summary judgment vacating and setting aside a deed conveying the subject real property to the County of Suffolk and to preliminarily enjoin the County from taking any steps to evict them or to sell the property.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The defendant County of Suffolk acquired title to the subject real property as a result of a tax sale due to the nonpayment of real property taxes for the 2007-2008 tax year. The County Treasurer conveyed the property to the County by deed recorded November 2, 2012. The property was previously owned by Blanche Volpe, who died in 1998. In or about May 2015, the County commenced a holdover proceeding in the District Court of the County of Suffolk, Fifth District, against, among others, Blanche Volpe's sons, Duane M. Volpe and Douglas J. Volpe. Thereafter, a warrant of eviction was issued, which was stayed until August 24, 2015. On September 28, 2015, the plaintiffs commenced this action, inter alia, to vacate the deed and to permanently enjoin the eviction proceedings. At the same time, the plaintiffs moved, in effect, for summary judgment vacating and setting aside the deed to preliminarily enjoin the County from taking any steps to evict them or to sell the property.
We agree with the Supreme Court's denial of that branch of the plaintiffs' motion which was for summary judgment vacating and setting aside the deed, as the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557). The plaintiffs' mere denials of receipt of the requisite notices of sale and redemption were insufficient to meet their burden (see In Rem Tax Foreclosure Action No. 47, 19 AD3d 547), and that branch of the motion was properly denied regardless of the sufficiency of the County's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Further, we agree with the Supreme Court's denial of that branch of the plaintiffs' motion which was to preliminarily enjoin the County from evicting them or taking any steps to sell the subject property. The plaintiffs failed to establish (1) a likelihood of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in their [*2]favor (see CPLR 6301; Keller v Kay, 170 AD3d 978).
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court