Garendean Realty Owner, LLC v Lang (2019 NY Slip Op 06381)





Garendean Realty Owner, LLC v Lang


2019 NY Slip Op 06381


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-03537
 (Index No. 506571/17)

[*1]Garendean Realty Owner, LLC, appellant,
v
James Lang, et al., respondents.


Rivkin Radler LLP, New York, NY (Joshua M. Tare, Evan R. Schieber, and Henry Mascia of counsel), for appellant.
Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP, New York, NY (Ronald S. Languedoc of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for fraud and prima facie tort, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 26, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
After the plaintiff purchased a multifamily residential apartment building in Brooklyn, it commenced this action against the defendants, two tenants of one of the apartments in that building, asserting causes of action to recover damages for fraud and prima facie tort, based on their alleged misrepresentations concerning the rent-stabilized status of their apartment. The Supreme Court subsequently granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint. The plaintiff appeals.
"In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiff[ ] the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. Although the facts pleaded are presumed to be true and are to be accorded every favorable inference, bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration'" (Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882, 883, quoting Everett v Eastchester Police Dept., 127 AD3d 1131, 1132 [citations omitted]).
"The elements of a cause of action [alleging] fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). As the Supreme Court accurately observed, the complaint at issue here failed to allege that the defendants made a material misrepresentation of a fact (see Weinberg v Sultan, 142 AD3d 767, 768), or that they made any representations that were intended to induce the plaintiff's reliance (see Wilson v Neighborhood Restore Hous., 129 AD3d 948, 950). Moreover, it is clear from the face of the complaint that any purported reliance by the plaintiff on alleged representations by the defendants, [*2]as tenants, with respect to the rent-regulated status of their apartment was unreasonable as a matter of law (see Colasacco v Robert E. Lawrence Real Estate, 68 AD3d 706, 708).
"The requisite elements for a cause of action sounding in prima facie tort include (1) intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, (4) by an act or series of acts which are otherwise legal" (Diorio v Ossining Union Free School Dist., 96 AD3d 710, 712). Upon our review of the allegations in the complaint, which merely alleged that the defendants executed backdated leases that did not misrepresent either the rent-regulated status or monthly rent applicable to the subject apartment, we agree with the Supreme Court's determination that no cognizable cause of action to recover damages for prima facie tort was alleged by the plaintiff.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court