Matter of In Rem Tax Foreclosure Action No. 52 (2020 NY Slip Op 08023)





Matter of In Rem Tax Foreclosure Action No. 52


2020 NY Slip Op 08023


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Webber, J.P., Mazzarelli, Gesmer, Moulton, González, JJ. 


Index No. 40000/15 Appeal No. 12732N-12733N-12734N-12735N Case No. 2020-00962, 2020-00223, 2020-00224, 2020-01162 

[*1]In Rem Tax Foreclosure Action No. 52, Borough of Bronx, Sections 9,10,11,12,14,15 and 16 Tax Classes 1 and 2. 


Law Office of Gerald Pigott, Bethpage (Gerald M. Pigott of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Antonella Karlin of counsel), for municipal respondent.



Orders, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about May 24 and May 28, 2019, which denied appellants 2386 Morris Avenue, HDFC's, 419-21 East 157th Street, HDFC's, 3175-77 Villa Avenue, HDFC's, and 1113 Grant Avenue, HDFC's motions to vacate judgments of in rem foreclosures granted on default and the deeds transferring the properties, unanimously affirmed, without costs.
The judgments of foreclosure against the properties were duly entered in the office of the County Clerk, after publication of notices that complied with the applicable law (see Administrative Code of City of NY § 11-406[c]), as well as due process (see Matter of ISCA Enters. v City of New York, 77 NY2d 688 [1991], cert denied 503 US 906 [1992]; Matter of Upper E. Side Community Dev. Corp. v City of N.Y. Div. of Real Prop., 176 AD2d 649 [1st Dept 1991]). Accordingly, the presumption of regularity of these proceedings (Administrative Code § 11-411) became conclusive four months after entry of the judgments of foreclosure (id. § 11-412.1[h]). As appellants did not make their motions to vacate the judgments or take any action to redeem the subject properties within the four-month period (id. § 11-412.1[d]), the motions to vacate are time-barred (id. § 11-412.1 [h]; see O'Bryan v Stark, 77 AD3d 494 [1st Dept 2010], lv denied 17 NY3d 704 [2011]; In Rem Tax Foreclosure Action No. 44, 23 AD3d 290 [1st Dept 2005]). In addition, there is inadequate support in the record for appellants' claims that the City engaged in misconduct in connection with the foreclosures and property transfers to Neighborhood Restore Housing Development Fund Corporation under the City's third-party transfer program. Accordingly, we reject appellants' claim that the City should be equitably estopped from claiming that the redemption period expired (see Wilson v Neighborhood Restore Hous., 129 AD3d 948 [2d Dept 2015]; but see In Rem Tax Foreclosure Action No. 53 Borough of Brooklyn, 63 Misc 3d 1207[A], 2019 NY Slip Op 50434[U] [Sup Ct, Kings County 2019]).
Were we to consider appellants' time-barred and unpreserved arguments, we would find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020