Matter of Tax Foreclosure Action No. 52 (2022 NY Slip Op 00268)





Matter of Tax Foreclosure Action No. 52


2022 NY Slip Op 00268


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ. 


Index No. 40000/15 Appeal No. 15106 Case No. 2019-05659 

[*1]In Rem Tax Foreclosure Action No. 52 etc.
In the Matter of City of New York, Petitioner-Respondent,
James Horelick, Respondent-Appellant.
James Horelick, Third-Party Movant-Appellant,
The City of New York, et al., Third-Party Objectants-Respondents. [ And a Second Third-Party Action.]


The Wilson Law Firm, LLC, Brooklyn (Earl Antonio Wilson of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about May 24, 2019, which denied the motion of respondent (Horelick) to vacate a lien foreclosure default judgment against his property, set aside the transfer of title to Neighborhood Restore Housing Development Fund Corporation, declare that petitioner (the City) had actual or constructive notice of the litigation that he filed against it, and grant him leave to file an answer and satisfy the tax lien, unanimously affirmed, without costs.
The court correctly denied respondent's motion to vacate as untimely. The record shows that the judgment of foreclosure against the property was duly entered in the office of the County Clerk, creating a presumption of regularity of the proceedings in this action (Administrative Code of City of NY § 11-411) that encompasses compliance by the City with all applicable notice, publication, and filing requirements. The presumption became conclusive four months after the judgment of foreclosure was entered (Administrative Code § 11-412.1[h]). As respondent did not make the motion to vacate or take any action to redeem his property under Administrative Code § 11-412.1(d) within that four-month period, his application to vacate the judgment of foreclosure was untimely to the extent it was based on the allegation that the City failed to follow statutory procedures in the preparation, filing, posting, and publication of the notice in the foreclosure action (see O'Bryan v Stark, 77 AD3d 494, 495 [1st Dept 2010], lv denied 17 NY3d 704 [2011]). In any event, this Court has already held that the notice publication procedures used in this foreclosure action accorded with the applicable law and the requirements of due process (see In Rem Tax Foreclosure Action No. 52, 189 AD3d 731 [1st Dept 2020], lv dismissed 37 NY3d 1012 [2021]). We further find that the record supports the motion court's conclusion that the City complied with the other statutory notice requirements.
The court also correctly rejected respondent's claim that the default foreclosure judgment against him was improperly entered. In response to the notice of foreclosure, respondent sent a letter objecting to the foreclosure and setting forth a defense that he had previously commenced a lawsuit, which remained pending, challenging the underlying liens. These actions do not constitute an appearance in the foreclosure action that would preclude the entry of a default judgment against him.
Were we to consider respondent's unpreserved arguments, we would find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022