Matter of Tax Foreclosure Action No. 53 (2023 NY Slip Op 02713)

Matter of Tax Foreclosure Action No. 53

2023 NY Slip Op 02713

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-03484
 (Index No. 8700/15)

[*1]In Rem Tax Foreclosure Action No. 53, etc. City of New York, appellant; Hooper Realty Holdings, LLC, respondent, et al., defendants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid R. Gustafson, Zachary S. Shapiro, and Jonathan Schoepp-Wong of counsel), for appellant.
Alter & Barbaro, Brooklyn, NY (Bernard M. Alter and Nicole Bishop Castillo of counsel), for respondent.

DECISION & ORDER
In an action to foreclose tax liens, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated March 29, 2021. The order, insofar as appealed from, granted those branches of the motion of the defendant Hooper Realty Holdings, LLC, which were to vacate so much of a judgment of foreclosure of the same court entered December 14, 2017, as was entered against certain real property owned by that defendant, and to vacate a deed dated September 6, 2018, transferring that property to nonparty Neighborhood Restore Housing Development Fund Corporation.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Hooper Realty Holdings, LLC, which were to vacate so much of the judgment of foreclosure entered December 14, 2017, as was entered against certain real property owned by that defendant, and to vacate the deed dated September 6, 2018, transferring that property to nonparty Neighborhood Restore Housing Development Fund Corporation are denied.
In July 2015, the City of New York commenced this action pursuant to Administrative Code of the City of New York § 11-404(a) to foreclose certain tax liens, including a tax lien on a certain delinquent property located on Hooper Street in Brooklyn (hereinafter the property). A judgment of foreclosure was entered on December 14, 2017, and a four-month mandatory redemption period expired on April 16, 2018. In September 2019, the defendant Hooper Realty Holdings, LLC (hereinafter the defendant), moved, inter alia, to vacate so much of the judgment of foreclosure as was entered against the property, and to vacate a deed dated September 6, 2018, transferring the property to nonparty Neighborhood Restore Housing Development Fund Corporation (hereinafter Neighborhood Restore). In support of its motion, the defendant submitted an affirmation of Katriel Yankowitz, a member of the defendant, who averred that he never received notice of the action. In an order dated March 29, 2021, the Supreme Court, among other things, granted those branches of the motion. The City appeals.
As discussed in an opinion and order on related appeals (see In Rem Tax Foreclosure Action No. 53, _____ AD3d _____ [Appellate Division Docket No. 2019-04473; decided herewith]), the Third Party Transfer Program (hereinafter the TPT program), established by Local Law No. 37 (1996) of City of New York, enables the Commissioner of Finance to, under certain circumstances, execute a deed transferring title to tax-delinquent properties directly to third parties designated by the New York City Department of Housing Preservation and Development (see Administrative Code § 11-412.1[b]). Under the TPT program, a four-month redemption period is applied following the entry of a judgment of foreclosure, during which the owner may redeem the property by paying the tax arrears in full or request an installment agreement to pay the amounts owed to the Commissioner of Finance (see id. § 11-412.1[d]). Once the four-month redemption period has passed, the Commissioner of Finance has the discretion to transfer title to the property, extinguishing the interest of the owner, who "receives nothing for the value of the transferred property in excess of the value of the tax lien" (Dorce v City of New York, 608 F Supp 3d 118, 127 [SD NY]; see Administrative Code §§ 11-412.1[c], 11-428).
Here, the defendant's motion was time-barred due to its failure to move to vacate the judgment of foreclosure or to take any action to redeem the property within the four-month redemption period (see In Rem Tax Foreclosure Action No. 52, 201 AD3d 517, 517; O'Bryan v Stark, 77 AD3d 494, 495). Yankowitz's mere denial of receipt of the notice was insufficient to rebut the presumption of regularity of mailing or the presumption of the regularity of all proceedings taken in the action (see In Rem Tax Foreclosure Action No. 47, 19 AD3d 547, 548).
In light of the presumption of regularity created by the entry of the judgment of foreclosure against the property (see Administrative Code § 11-411), which became conclusive four months after the entry of the judgment (see id. § 11-412.1[h]), there is no basis to consider the defendant's contentions that the property was not distressed (see In Rem Tax Foreclosure Action No. 52, 201 AD3d at 518). Further, this Court has held that where, as here, the defendant property owner failed to interpose a timely answer or to redeem the property during the four-month period following the entry of the judgment of foreclosure, it is not entitled to "compensation" for any "surplus money as a result of the foreclosure and transfer of the property" under the TPT program (Matthew v Thompson, 65 AD3d 1095, 1097 [internal quotation marks omitted]). Thus, we are constrained to determine that the defendant's contention that it was deprived of its property without just compensation is not reviewable under the circumstances presented.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were to vacate so much of the judgment of foreclosure as was entered against the property, and to vacate the deed transferring the property to Neighborhood Restore. However, we note that for reasons discussed in the opinion and order on related appeals (see In Rem Tax Foreclosure Action No. 53, _____ AD3d _____), the TPT program has the potential to be applied in a problematic and discriminatory manner.
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court