Matter of Tax Foreclosure Action No. 53 (2023 NY Slip Op 02711)

Matter of Tax Foreclosure Action No. 53

2023 NY Slip Op 02711

Decided on May 17, 2023

Appellate Division, Second Department

Wooten, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-04473
 (Index No. 8700/15)

[*1]In Rem Tax Foreclosure Action No. 53, etc. City of New York, plaintiff-appellant; Gilmer Holding Corp., et al., respondents, et al., defendants; Neighborhood Restore Housing Development Fund Corporation, nonparty-appellant.

APPEAL by the plaintiff, City of New York, and SEPARATE APPEAL by nonparty Neighborhood Restore Housing Development Fund Corporation, in an action to foreclose tax liens, from an order of the Supreme Court (Mark I. Partnow, J.), dated March 28, 2019, and entered in Kings County. The order, insofar as appealed from by the plaintiff, granted those branches of the separate motions of the defendants 463 Classon Avenue HDFC, Shurma 1 Corp., Gilmer Holding Corp., 1055 Bergen Street HDFC, Marcia P. Lewis, and 19 Kingsland Avenue Housing Development Fund Corporation which were to vacate so much of a judgment of foreclosure of the same court entered December 14, 2017, as was entered against certain real property owned by each of those defendants, and granted those branches of the separate motions of the defendants Gilmer Holding Corp., 1055 Bergen Street HDFC, Marcia P. Lewis, and 19 Kingsland Avenue Housing Development Fund Corporation which were to set aside deeds, all dated September 6, 2018, transferring certain real property owned by each of those defendants to nonparty Neighborhood Restore Housing Development Fund Corporation. The order, insofar as appealed from by nonparty Neighborhood Restore Housing Development Fund Corporation, granted those branches of the separate motions of the defendants Gilmer Holding Corp., 1055 Bergen Street HDFC, Marcia P. Lewis, and 19 Kingsland Avenue Housing Development Fund Corporation which were to vacate so much of the judgment of foreclosure as was entered against certain real property owned by each of those defendants, and to set aside the deeds transferring certain real property owned by each of those defendants to nonparty Neighborhood Restore Housing Development Fund Corporation.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Richard Dearing, Deborah A. Brenner, and Melanie T. West of counsel), for plaintiff-appellant.
Goldstein Hall, PLLC, New York, NY (Brian J. Markowitz and Matthew D. Trauner of counsel), for nonparty-appellant.
Felton & Associates, Brooklyn, NY (Regina Felton of counsel), for respondent Shurma 1 Corp.
Rodney R. Austin, P.C., Fresh Meadows, NY, for respondent Marcia P. Lewis.
Donneshia M. Hall, New York, NY, for respondent 1055 Bergen Street HDFC.
Yolande I. Nicholson, P.C., Brooklyn, NY, for respondent Gilmer Holding Corp.
Anglyn D. Johnson & Associates (Alter & Barbaro, Brooklyn, NY [Bernard M. [*2]Alter], of counsel), for respondents 19 Kingsland Avenue Housing Development Fund Corporation and 463 Classon Avenue HDFC.

WOOTEN, J.

OPINION & ORDER
These appeals present this Court with an opportunity to highlight the problematic aspects of New York City's Third Party Transfer Program (hereinafter the TPT program) in application.
In July 2015, the City of New York commenced this action pursuant to Administrative Code of the City of New York § 11-404(a) to foreclose certain tax liens, including those on six delinquent parcels in Brooklyn that were owned by the defendants 463 Classon Avenue HDFC, Shurma 1 Corp., Gilmer Holding Corp., 1055 Bergen Street HDFC, Marcia P. Lewis, and 19 Kingsland Avenue Housing Development Fund Corporation (hereinafter collectively the defendants), respectively. Starting on July 28, 2015, a notice of foreclosure dated July 24, 2015, was published for six successive weeks in certain publications pursuant to Administrative Code § 11-406(a). The notice of foreclosure also was mailed by certified mail and regular mail on July 24, 2015, and July 27, 2015, respectively, to, among others, the defendants. The defendants failed to serve timely answers by October 26, 2015, as required by the notice of foreclosure. A judgment of foreclosure was entered on December 14, 2017.
Thereafter, four of the defendants, 1055 Bergen Street HDFC (hereinafter 1055 Bergen), Shurma 1 Corp., Marcia P. Lewis, and 463 Classon Avenue HDFC, took no action to redeem their properties within a four-month mandatory redemption period, which expired on April 16, 2018. The other two defendants, Gilmer Holding Corp. (hereinafter Gilmer) and 19 Kingsland Avenue Housing Development Fund Corporation (hereinafter 19 Kingsland), entered into installment agreements with the City's Department of Finance (hereinafter the DOF) and/or Department of Environmental Protection. However, according to the City, those defendants defaulted on the installment agreements. By deeds, all dated September 6, 2018, the properties owned by Gilmer, 1055 Bergen, Lewis, and 19 Kingsland were transferred to nonparty Neighborhood Restore Housing Development Fund Corporation (hereinafter Neighborhood Restore) pursuant to the TPT program.
Thereafter, the defendants separately moved, inter alia, to vacate so much of the judgment of foreclosure as was entered against properties owned by each of them, and Gilmer, 1055 Bergen, Lewis, and 19 Kingsland separately moved to set aside the deeds transferring the properties owned by each of them to Neighborhood Restore. In an order dated March 28, 2019, the Supreme Court, among other things, granted those branches of the defendants' separate motions which were to vacate so much of the judgment of foreclosure as was entered against properties owned by each of them, and granted those branches of the motions of Gilmer, 1055 Bergen, Lewis, and 19 Kingsland which were to set aside the deeds transferring the properties owned by each of them to Neighborhood Restore. The City appeals, and Neighborhood Restore separately appeals.
The TPT program, established by Local Law No. 37 (1996) of City of New York, enables the Commissioner of Finance to, under certain circumstances, execute a deed transferring title to tax-delinquent properties directly to third parties designated by the New York City Department of Housing Preservation and Development (see Administrative Code § 11-412.1[b]). Under the TPT program, a four-month redemption period is applied following the entry of a judgment of foreclosure, during which the owner may redeem the property by paying the tax arrears in full or request an installment agreement to pay the amounts owed to the Commissioner of Finance (see id. § 11-412.1[d]). However, once the four-month redemption period has passed, the Commissioner of Finance has the discretion to transfer title to the property, extinguishing the interest of the owner, who "receives nothing for the value of the transferred property in excess of the value of the tax lien" (Dorce v City of New York, 608 F Supp 3d 118, 127 [SD NY]; see Administrative Code §§ 11-412.1[c], 11-428). Thus, the owner of the property may be deprived of the value of his or her property even where the actual value of the property was substantially more than the amount of taxes owed. This could, for example, mean the loss of equity in a property worth in excess of $2,000,000 over a water bill of only a few thousand dollars (see Administrative Code § 11-401[1]).
Further, as noted by the Supreme Court in this matter, the loss of property ownership without compensation under the TPT program "is a widespread occurrence," often affecting "properties that are owned by minorities." The TPT program has been applied not only to properties that meet the statutory definition of "distressed" based upon, inter alia, the condition of the property (Administrative Code § 11-401[4]), but also to "properties that are located near distressed properties and are tax-delinquent but not distressed" (Dorce v City of New York, 2 F 4th 82, 89 [2d Cir]). Thus, the TPT program may be applied in a discriminatory manner by being used to target multiple [*3]properties within a particular community which are not distressed.
Here, the City established that it mailed notices of foreclosure to the defendants by submitting the affirmation of regularity of Jacques Jiha, Commissioner of the DOF, along with attached affidavits describing the City's procedures for mailing notices of foreclosure, and copies of the notice of foreclosure addressed to the defendants at the addresses indicated on in rem or registration cards filed by the defendants, or at the address listed on the 2015 assessment roll for the property, in accordance with Administrative Law § 11-406(c) (see CIT Bank N.A. v Schiffman, 36 NY3d 550, 556; Nassau Ins. Co. v Murray, 46 NY2d 828, 829). Further, the entry of the judgment of foreclosure on December 14, 2017, created a presumption of regularity of the proceedings taken in the action, which encompassed compliance by the City with all applicable notice, publication, and filing requirements, including its mailing of notices of foreclosure (see In Rem Tax Foreclosure Action No. 47, 29 AD3d 955, 955). The defendants' mere denials of receipt of the notices were insufficient to overcome the presumption of regularity of mailing or the presumption of regularity of all proceedings taken in the action (see In Rem Tax Foreclosure Action No. 47, 19 AD3d 547, 548).
Consequently, the defendants' motions were time-barred due to their failure to move to vacate the judgment of foreclosure or to take any action to redeem the subject properties within the four-month redemption period (see In Rem Tax Foreclosure Action No. 52, 201 AD3d 517, 517; O'Bryan v Stark, 77 AD3d 494, 495). In light of the presumption of regularity created by the entry of the judgment of foreclosure against the subject properties (see Administrative Code § 11-411), which became conclusive four months after the entry of the judgment (see id. § 11-412.1[h]), there is no basis to consider the defendants' contentions that the subject properties were not distressed (see In Rem Tax Foreclosure Action No. 52, 201 AD3d at 518). Further, this Court has held that where, as here, the defendant property owners failed to interpose a timely answer or to redeem the property during the four-month period following the entry of the judgment of foreclosure, they are not entitled to "compensation" for any "surplus money as a result of the foreclosure and transfer of the property" under the TPT program (Matthew v Thompson, 65 AD3d 1095, 1097 [internal quotation marks omitted]). Thus, while we emphasize that there is potential merit to the defendants' contentions that they were deprived of their properties without just compensation, and that the transfer of a property which was not distressed under the TPT program was improper, we are constrained to conclude that those issues are not reviewable by this Court under the circumstances presented.
Furthermore, although the owners of two of the subject properties, Gilmer and 19 Kingsland, entered into installment agreements to pay the taxes owed and made certain payments pursuant to those agreements, the City nevertheless proceeded with the process to transfer title to those properties under the TPT program, purportedly due to those defendants' defaults in making the required payments under the agreements. The particular circumstances of this case do not present the "exceptional circumstances" necessary to apply the doctrine of equitable estoppel. Nevertheless, it bears mentioning that the owners of properties subject to transfer under the TPT program may be lulled into a false sense of security by an installment agreement to pay the taxes owed, and that the City should make every effort to promptly inform those owners if it makes the determination not to honor the agreements (see Matter of Emporium Mgt. Corp. v City of New York, 121 AD3d 981, 982-984).
The defendants' remaining contentions are without merit.
Accordingly, under the law as it presently exists, the Supreme Court should have denied those branches of the defendants' separate motions which were to vacate so much of the judgment of foreclosure as pertains to their respective properties and to vacate the deeds transferring certain properties to Neighborhood Restore. However, we note that since the TPT program has the potential to be applied in a problematic manner, the City Council may wish to consider making changes, such as to direct that the owners of properties for which title is transferred under the program receive any surplus money resulting from the sale of the properties.
In light of the forgoing, the order is reversed insofar as appealed from, on the law, those branches of the separate motions of the defendants 463 Classon Avenue HDFC, Shurma 1 Corp., Gilmer Holding Corp., 1055 Bergen Street HDFC, Marcia P. Lewis, and 19 Kingsland Avenue Housing Development Fund Corporation which were to vacate so much of the judgment of foreclosure entered December 14, 2017, as was entered against certain real property owned by each of those defendants are denied, and those branches of the separate motions of the defendants Gilmer Holding Corp., 1055 Bergen Street HDFC, Marcia P. Lewis, and 19 Kingsland Avenue Housing Development Fund Corporation which were to set aside deeds, all dated September 6, 2018, transferring certain real property owned by each of those defendants to nonparty Neighborhood Restore Housing Development Fund Corporation are denied.
CONNOLLY, J.P., ZAYAS and WAN, JJ., concur.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants payable by the respondents appearing separately and filing separate briefs, those branches of the separate motions of the defendants 463 Classon Avenue HDFC, Shurma 1 Corp., Gilmer Holding Corp., 1055 Bergen Street HDFC, Marcia P. Lewis, and 19 Kingsland Avenue Housing Development Fund Corporation which were to vacate so much of the judgment of foreclosure entered December 14, 2017, as was entered against certain real property owned by each of those defendants are denied, and those branches of the separate motions of the defendants Gilmer Holding Corp., 1055 Bergen Street HDFC, Marcia P. Lewis, and 19 Kingsland Avenue Housing Development Fund Corporation which were to set aside deeds, all dated September 6, 2018, transferring certain real property owned by each of those defendants to nonparty Neighborhood Restore Housing Development Fund Corporation are denied.
ENTER:
Maria T. Fasulo
Clerk of the Court